DAVID C. IMBODEN, Appellant, v. DETROIT FIRE AND MARINE INSURANCE COMPANY, Respondent.

### Kansas City Court of Appeals, May 23, 1888.

1. CONTRACTS—POLICY OF INSURANCE—DURATION OF RISK—CASE ADJUDGED.—Conceding that in contracts of insurance the duration of the risk must be agreed upon, it need be so, only in a legal sense. And if the agreement between the parties was (as in this case), that the insurance should determine at a time when the insurer might elect that it should end and to insert the date left blank for that purpose, this is sufficient, since they agree to the mode and manner of fixing the time. Though subject, by its terms, to be terminated by either party, a contract is not thereby invalid.

2. ———— ———— ESTOPPEL.—The validity of a contract may be so far recognized by the other party to it, that such acts may operate so as to create an estoppel—especially if something is done on the faith of such recognition.

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Reversed and remanded.*
xxxi—21

The case is stated in the opinion.

DOBSON, DOUGLASS & TRIMBLE, for the appellant.

I.   It may be conceded that an agreement as to the time the risk is to run is necessary to a valid contract of insurance.   The agreement that the risk should run from the first day of August, 1885, to a day to be named by the defendant, is in law an agreement as to the duration of the risk ; and is equivalent in law to a contract for a certain time, because under the terms of the agreement the time can be rendered certain,—*id certum est quod certum reddi potest.* 1 Wash Real Prop. [3 Ed.] 388 ; Tiedeman Real Prop., sec. 173 ; *West Trans. Co. v. Lansing,* 49 N. Y. 507, 508; *Church v. Ins. Co.,* 19 N. Y. 305 ; *Stilwell v. Craig,* 58 Mo. 28, 30.   The case of *Strohn v. Ins. Co.,* 37 Wis. 625, so much relied on by respondent, is clearly distinguished from the one at bar by the following language contained in the opinion : "And the witness closed his testimony with the statement that there was nothing said between me and Dearborn as to how long this insurance should run. * * * The amount of premium to be paid and the continuance of the risk are not agreed upon, nor is there any stipulation in the agreement from which these important elements of the contract could be fixed and determined. * * * Perhaps a contract which either party could terminate at any time might be a valid contract," etc.   In the case at bar there was something said as to how long the insurance should run. 'And there is a stipulation in the agreement from which this important element can be fixed and determined.

II.   Under the circumstances of this case, and owing to the uncertainty as to how long the grain might remain in the elevator, would it not be a reasonable construction of this contract to say that it was in effect a contract to insure the grain so long as it remained in the elevator, unless sooner terminated by the defendant ?   If so, then the contract would be valid, just as

marine risks are valid which are made to continue during the voyage. All that is necessary is that the minds of the parties meet on a certain time; or upon something which is capable of rendering the time certain; or upon means by which the time may be afterwards fixed. *Eames v. Ins. Co.*, 4 Otto [U. S.] 621.

III. Plaintiff could have proved a custom or usage to insure such property for an indefinite time, etc., and that certificates like this were issued as evidence of such insurance. Such evidence would have supplied the apparent defect in the certificate and given effect to the intention of the parties. *Baxter v. Ins. Co.*, 13 Allen [Mass.] 390; Wood on Fire Ins., sec. 20; Clarke & Brown on Usages and Customs, sec. 138; *Rugley v. Goodlee*, 7 La. Ann. 295.

IV. The certificate of insurance in this case, being manifestly incomplete, the plaintiff should have been allowed, on a trial of the facts, to prove that there was an agreement outside of the certificate as to how the risk should be terminated. *Moss v. Green*, 41 Mo. 389; *Lash v. Plasten*, 78 Mo. 397; *Winn v. Chamberlin*, 32 Vt. 318; *Webster v. Hodgkins*, 25 N. H. 128.

V. Five months after this contract was made and the certificate issued, the defendants, with full knowledge that its duration had not been fixed and with full knowledge that the plaintiff was relying upon it as a valid insurance, demanded and received the premium earned up to that time and left the risk to continue as before. The defendant having thus deliberately asserted that this contract was good enough to collect a premium on, should be estopped to deny that it was good enough to pay a loss on. A party cannot occupy inconsistent positions; he will be confined to that which he first adopts. Bigelow on Estoppel, 578, and authorities cited; *Green v. Railroad*, 82 Mo. 653; *Adair v. Adair*, 78 Mo. 630; *Hayward v. Ins. Co.*, 52 Mo. 181; *Wood v. Seeley*, 32 N. Y. 105; *Gas Co. v. St. Louis*, 46 Mo. 121. A party, by actively affirming a contract, as by receiving money upon it, is estopped thereafter to deny its validity.

Bigelow on Estoppel, 584; *Ran v. Little Rock*, 34 Ark. 312.

VI.   If the court should hold that the contract sued on is valid, or that defendant is estopped to deny its validity, but should be of opinion that the petition is otherwise defective, the case should be remanded, with leave to amend.

KARNES & KRAUTHOFF, for the respondent.

I.   The law has prescribed certain elements as essential to a valid and complete contract of insurance, and unless these elements are present, it cannot be said that there has been that meeting of minds necessary to constitute a contract. These elements have been enumerated by our Supreme Court as follows: "The reception of and receipt for the required premium; the subject-matter insured; the amount of insurance, and the duration of the policy." *Baile v. Ins. Co.*, 73 Mo. 371, 383. It will be remembered that the present is not a case where the company is retaining the premium and insisting that its policy is void, for the petition admits that no premium has been paid for the period within which the loss is claimed to have occurred. These same elements are universally held to be essential. There is no diversity in adjudged cases nor in the text-books on the subject. Mr. Wood states the law thus: "In this class of contracts, as in all others, the contract must be definite and certain, and the parties must have agreed upon all its essential terms. If anything has been left open, no contract exists, because the minds of the parties have not met, and there is not an agreement that can be enforced by either party, and both parties must be bound. The contract must be complete and perfect. All its elements must be agreed upon, and if anything is left open or undetermined, so that the minds of the parties have not met, no contract exists, and consequently no liability for a loss occurring. As if * * * the duration of the risk is not agreed upon * * * a recovery will not be permitted, as the assured takes

the burden of establishing all the elements requisite to make a complete contract. The *aggregatio mentium* must be fully established. * * * The details of the contract must be fixed." Wood on Fire Ins., pp. 18, 21, sec. 6. Again, "the burden of establishing a completed contract is upon the assured, and he must satisfy the jury that a complete and perfect contract was made; that an agreement was entered into, and that nothing essential to the contract was left open for future determination, and the proof must be clear that such a contract was made, or an action upon it will not be upheld at law, nor will it be enforced in equity." Among the examples of fatal defects is, that "the duration of the risk is not agreed on." Wood on Fire Ins., pp. 35, 37, sec. 13; see also, May on Insurance, sec. 43; *Strohn v. Ins. Co.*, 37 Wis. 625.

II. This case presents all these defects in a marked degree, for the certificate shows upon its face, that its duration was not fixed or determined. This being true there was no valid contract of insurance. The plaintiff invokes the rules permitting such contracts to be made by parol; but among these rules are those we have quoted and which are fatal to the claim made. Wood on Fire Ins., sec. 5. These views have the full approbation of this court, which has recently subjected the general question to a careful examination. *Lingen-felter v. Ins. Co.*, 19 Mo. App. 252, 263, 264.

III. It is to be noticed that this action is brought, not on an agreement to insure, but on a complete, perfected insurance contract. In order to be binding, this contract must be complete in all its terms, the essential elements must all be agreed upon. As to such a contract it cannot be said that it will be sufficiently definite if one of the material elements is left to the mere whim of either of the contracting parties. In this case it will not do to say that the insurance company had the privilege of terminating the policy whenever it desired. Such an option was not an agreement. "Both parties must be bound, the one to insure, and the other to pay

therefor. If the contract is not so far perfected that the insurer upon said policy could maintain an action for the premium, no perfect insurance exists, and the insurer is not liable." 1 Wood on Fire Ins., sec. 6, p. 23; *Hartshorn v. Ins. Co.*, 15 Gray, 241, 244. "Both parties must be bound or neither will be." *Lungstrass v. Ins. Co.*, 48 Mo. 201, 204. "There must be mutuality of obligation." *Brown v. Rice*, 29 Mo. 322. "A promise is a sufficient consideration for a promise where there is a mutuality of engagement, so that each can hold the other to a positive agreement." *Moss v. Green*, 41 Mo. 389. "There can be no valid contract unless the parties thereto assent to the same thing in the same sense." *Eads v. Carondelet*, 42 Mo. 113.

IV. The suggestion of Judge Comstock in 19 N. Y., "that perhaps a contract which either party could terminate at any time, by a notice to the other, might be a valid contract," was made on the basis that a complete and perfected contract existed in that case and not in such a condition, and with reference to the effect of such a clause upon the complete agreement there in question. It has no reference whatever to the point involved here. The petition does not allege that the time of the risk was to be fixed at the option of the defendant company, but the allegation merely goes to the extent of saying that the defendant's agent was to insert the day of expiration in the contract, and not how that date was to be determined. Hence, the remarks of the Supreme Court of Wisconsin in the Strohn case, with reference to filing a bill for the specific performance of this contract, are directly in point and forcibly apposite. 1 Wood on Fire Ins., 19, note ; *Tyler v. Ins. Co.*, 4 Rob. (N. Y.) 151, 155, *et seq.*; *Kimball v. Ins. Co.*, 17 Fed. Rep. 625.

V. Concerning points four, five, and six made by the plaintiff we make these suggestions : (*a*) There was no allegation in the petition of a custom or usage to insure for an indefinite time, and if there was, it is not probable that such a custom or usage would have been

permitted to override the salutary principles of the law of contracts invoked by us. *Watson v. Swann*, 103 Eng. Com. Law, 756, 770, 771. (*b*) Before the evidence here referred to could have been admitted, it was necessary to have pleaded the outside agreement, which it is said could have been shown, in the petition. A contract not sued on, nor referred to in the petition in this case, is not open for consideration on this appeal. (*c*) The same may be said of the element of estoppel, it having now been firmly established that matter constituting an estoppel *in pais* must be pleaded. (*d*) It may be true that if the defendant had accepted a premium · up to a certain period and the loss had occurred prior to the expiration of that period, a recovery could have been had; but this is far different from saying that a recovery can be had where no agreement was ever made as to the essential element of the duration of the risk, but where, on the contrary, "the date was purposely left blank," and the policy "left open" on this point. So long as this essential element was not agreed upon there was no perfected contract. The judgment should be affirmed.

ELLISON, J.—This cause comes to us on a demurrer to plaintiff's petition, the material portion of which is as follows :

"That the defendant is, and was during all the dates hereinafter mentioned, a fire and marine insurance company, the same being a corporation organized under the laws of the state of Michigan, and doing business in said state, and also in the state of Missouri; that the said defendant, by its certificate of fire insurance number five hundred and thirty-six, which is herewith filed, dated August 11, 1885, did insure one W. K. Hewitt against loss or damage by fire, under and subject to the conditions of open policy number twenty-six, issued by said defendant, to one S. S. McGibbons, in the sum of two thousand dollars, on grain belonging to the said

Hewitt, then contained in the 'Advance Elevator,' situated in West Kansas City, Missouri, from the first day of August, 1885, to a date in the future, which date was purposely left blank in said certificate of insurance, and the date of expiration was to be and remain indefinite, and was to be terminated in the future by having the date of its termination inserted in the blank left for that purpose by the said defendant or the said S. S. McGibbons, its agent; and the said certificate of insurance was made payable to the said insured, or his order, and upon the return of said certificate; and other insurance was permitted therein to the amount of two thousand dollars; that said certificate was duly issued to the said W. K. Hewitt, as the owner of said grain, for and in consideration of the usual premium charged by said defendant for that class and character of insurance, to be paid by said Hewitt or by the owner of said grain as called upon, the amount of said premium to be determined by the length of time said certificate of insurance should run. And afterwards, on the ——— day of ———, 1885, the plaintiff herein purchased the said grain in said elevator from the said Hewitt, and said certificate of insurance was duly assigned to plaintiff, etc. * * * Plaintiff further says that, in pursuance of a demand or request from the said S. S. McGibbons, agent of the defendant, he, plaintiff, paid the premium due on said certificate of insurance up to January 1, 1886, and said McGibbons gave plaintiff a receipt therefor, and the policy was still left open, and the plaintiff was to pay the premium which might accrue thereon until the same should be closed; and plaintiff has, at all times, been ready and willing, and still is ready and willing, to pay the premium due and owing on said certificate of insurance from and after said January 1, 1886."

The ground of the demurrer is, that the petition did not state facts sufficient to constitute a cause of action, in that no time was fixed by the contract when the risk was to end or the policy to expire. I will concede the

point made by defendant, that in contracts of insurance, the duration of the risk must be agreed upon. The defendant is correct in the legal propositions advanced, and the only question in the case is, in what degree are they applicable to the case as it is put, in the petition.

In point of fact, is not the duration of the risk fixed, in a legal sense? The agreement between the parties was that the insurance should terminate at a time when defendant might elect that it should end and so insert the date left blank for that purpose. At the time of making the contract, it may be supposed it was not known how long the insurance would be wanted or how long defendant would wish to continue the risk, and the parties, therefore, agreed upon the mode and manner of fixing-that time. It is not a case where no reference is had or agreement come to, as to the duration of the contract. That point was considered by the parties and an agreement had with reference thereto. The minds of the parties met and fixed upon a mode of ascertaining the duration of the risk. Suppose it to have been true, as a matter of fact, that, at the time of the contract, plaintiff wanted insurance on his wheat, but did not know how long he would want it; and that defendant wanted to insure the wheat, but did not know how long it would want to continue the risk; is there any legal principle forbidding them to make it a part of their agreement that the contract should determine at a time to be named by defendant? Whether such contracts permitting one party to terminate them does not also permit the other to do the same, need not be considered here, but that such contracts are valid until determined in the manner provided, I make no question.

Though subject by its terms to be terminated by either party, a contract is not thereby invalid. *Church v. Ins. Co.*, 19 N. Y. 305.

This illustration is given by a celebrated author: "If a man shall make a lease to J. S. for so many years as J. N. shall name, it is a good one, for, when J. N. has named the number of years, the duration of the term

becomes fixed." 1 Wash. Real Prop. 294. So a lease
for so long as the lessee shall please is not void for uncer-
tainty in duration, but is a good lease determinable, as
is said by some, at the will of either party, or may be
construed to be a tenancy at will.   *Transfer Co. v. Lan-
sing*, 49 N. Y. 508.

The case of *Strohn v. Ins. Co.*, 37 Wis. 625, is
relied on by defendant in support of the demurrer, but 1
conceive the cases to be unlike.   In that case the amount
of premium to be paid and the continuance of the risk
were not agreed upon ; nor was there anything in the
agreement from which these matters could be fixed and
determined.   *Nothing* was said as to the duration of the
risk.   In this case the rate was fixed and one instalment
was paid to defendant as agreed upon, and the time or
the duration of the risk *was* spoken of and an agree-
ment had in reference thereto.   While the duration of
the risk was not determined at the time, it was not, as
was said in that case, "indeterminable."   The maxim,
*id certum est quod certum reddi potest*, can well apply
to the terms of this contract.  Again, defendant has
recognized the validity of this contract in a way such as
to create an estoppel.   It is alleded that defendant
demanded of plaintiff the payment of the premium up
to January, 1886, which was paid to, and accepted and
receipted for by defendant, and the policy by agreement
was to run as before.   Such action was sufficient to work
an estoppel, especially if the payment was made, as it
of course was, on the faith of, and in reliance upon, the
contract as stated.

As the cause is to be remanded it might be well for
plaintiff's plea of estoppel to be made somewhat more
specific.   With the concurrence of the other judges, the
judgment is reversed and the cause is remanded.