New Hampshire Fire Insurance Company *v.* Blakely.

Opinion delivered February 13, 1911.

1. Appeal and error—exclusion of evidence—prejudice.—In order to obtain a review of the ruling of a trial court in refusing to admit certain evidence, it must be shown what the testimony was, or at least an offer must be made to prove certain material facts. (Page 567.)

2. Insurance—authority of agent.—Where an insurance agent was authorized to issue policies upon uncompleted buildings as well as upon completed ones, the insurance company will be bound by an agreement to issue a regular policy upon an uncompleted building,

instead of a builder's policy, though the agent violated his instructions in making such agreement. (Page 567.)

3. SAME—CONTRACT TO ISSUE POLICY—PERIOD.—A contract to issue a policy of fire insurance upon an uncompleted building at a certain rate per thousand, without specifying how long the policy shall continue, will be held to cover a fire loss which occurred three days after the insurance contract was made. (Page 567.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Thomas C. McRae, W. V. Tompkins* and *D. L. McRae,* for appellant.

1. When the agent informed Blakely that he had no right to issue other than a builder's risk policy, this charged the church with notice of the limited power of the agent, and the court should have permitted him to answer the question as to what his instructions were. Where one dealing with an agent is aware of instructions modifying or limiting his authority, the principal is not bound by an act of the agent outside of the authority as so limited. 2 Am. & Eng. Enc. of L. (3 ed.) 970; 54 C. C. A. 293, 299; 26 Me. 84; 55 Ark. 627; 49 W. Va. 437; 42 Wis. 616, 620; 49 Ark. 323. An agency and its scope may not be proved by the *declarations* of the agent, but may be shown by his *testimony.* 80 Ark. 228; 90 Ark. 104, 106.

2. The peremptory instruction requested by appellant should have been given. The proof of an oral contract of insurance must be full and clear. Not only must it appear that all the essentials, terms, conditions and stipulations were agreed upon, but it must be shown that it was the understanding and intention of the parties that there should be an oral contract which would for a reasonable or specified time protect the insured, and this intent and understanding must be plainly inferable from the negotiations and surrounding circumstances. Kerr on Insurance, 53.

*Hamby & Haynie,* for appellee.

1. Fire insurance agents, having authority to write and deliver policies and collect premiums, have power to bind the principal in the issuance of policies, even in violation of the principal's instructions. 63 Ark. 187; 71 Ark. 242; 74 Ark. 72; 88 Ark. 506; 55 L. R. A. 408; 25 Ark. 267.

2. It is true that the evidence does not affirmatvely show that each and every detail of the contract was specified in the oral agreement; but that was not necessary to constitute a valid contract for insurance. 22 L. R. A. 768; 94 U. S. 739, Law. Ed. 298, 300.

3. Oral contracts for insurance are valid and binding. 63 Ark. 204; 67 Ark. 438.

McCULLOCH, C. J. Appellees sued appellant to recover on an oral contract of fire insurance, alleged to have been entered into between them and appellant's agent at Prescott, Ark., whereby a certain building and furniture therein were insured against damage or destruction by fire. The policy was not issued, but Blakely, one of appellees, testified that appellant's agent agreed to insure the property in the amount named for a stipulated premium, and to issue a policy in accordance with said agreement. The agent was the cashier of a bank where appellee had money on deposit, and it was the custom of the agent to issue policies to his patrons and present bills for the premiums on the first day of the succeeding month. No question is raised in this case as to the failure to pay the premium, nor is there any question raised as to the authority of the agent to issue policies for appellant or to bind appellant by an oral contract of insurance.

The building which was the subject of the alleged contract of insurance was a church house. It had been completed except putting in the windows and doors, which were to be placed in the building in a few days so as to complete it. The pews and furniture, which were also insured, were in the building. Appellees had a policy of builder's risk insurance in another company, which expired on March 24, 1908, and on that date they applied to appellant's agent for a regular policy. The evidence shows that the rate was $1.50 per annum for builder's risk insurance and $1.25 per annum for a regular policy.

Blakely testified that Reagan, the agent of the company, first stated that he would not write regular insurance until the doors and windows were put in, but would give him a builder's risk policy at the higher rate; that he told the agent he could get a regular policy elsewhere, and that the agent then agreed to issue the regular policy. Mr. Reagan testified that he did not

agree to write the policy, but took a memorandum of the amount of insurance, etc., and agreed to write the policy as soon · as Blakely let him know that the windows and doors had been put in the building. This conflict in the testimony must, of course, be treated as settled by the verdict of the jury.

During the course of examination of Mr. Reagan as a witness, appellant's counsel offered to propound the following question, which the court on objection of appellees excluded: "What was your instruction from this particular company, and what was your authority to issue a policy on an uncompleted building, as this was, or did you have any?" The witness was not permitted to answer, and it it not shown here what the answer would have been. No offer was made to prove any specific fact by the witness in response to the question. This court reverses only for prejudicial errors, and, unless prejudice be shown, an erroneous ruling must be treated as harmless. In order to obtain a review of the ruling of a trial court, it must be shown what the testimony was, or at least an offer must be made to prove certain material facts; otherwise we might reverse a case on account of the refusal of the court to permit a question to be propounded which would not have elicited any material fact. *Meisenheimer* v. *State,* 73 Ark. 407; *Boland* v. *Stanley,* 88 Ark. 562; *Aetna Indemnity Co.* v. *Little Rock,* 89 Ark. 95.

But, even if it had been shown by the witness that his instructions were to issue regular policies only on completed buildings, that would not have availed appellant anything as a defense to this action. The agent in question was authorized to enter into contracts of insurance—to issue regular policies and builder's risk policies, the only difference, so far as this case is concerned, being the slight difference in the rate of premium. The building was nearly completed, would be so in a few days; and if the agent with full authority to issue policies saw fit to waive the incompleteness of the building and the difference in the premium, and entered into a contract for the issuance of a regular policy, the company is bound, notwithstanding the violation of instructions. *People's Fire Ins. Ass'n* v. *Goyne,* 79 Ark. 315.

It is argued that the contract was too indefinite to be enforced, in that it failed to state the length of time the policy was to continue. Blakely testified that the premium was to be $1.25

per thousand.  If we can not infer that the agreement was for an annual policy, we certainly must assume that it was for a period of time long enough to carry it beyond the date of the fire, which occurred three days after the insurance contract was made.

In a very similar case where the point was made, no time having been agreed on but that the parties having spoken of the premiums as so much per cent., without adding "per centum," Mr. Justice Bradley, delivering the opinion of the Supreme Court of the United States, said: "We think it perfectly manifest, from all the evidence taken together, that the parties meant and intended an insurance for a year, and had nothing else in their minds. This is the inference to be drawn from all their conduct, conversations and correspondence; and we should be sticking in the bark to ignore it." *Evans* v. *Home Ins. Co.,* 94 U. S. 629.

The instructions correctly submitted to the jury the question whether or not the agent of the company entered into a contract with appellees for the insurance of the property for a definite time on the specified terms.  The refused instructions were fully covered by those given, and we find no error.  Affirmed.

HART, J., concurs in the judgment.

