NEW HAMPSHIRE FIRE INSURANCE COMPANY *v.* WALKER.

Opinion delivered November 12, 1928.

320

*McMillen & Scott,* for appellant.

*Owens & Ehrman,* for appellee.

MEHAFFY, J.   Appellee brought suit in the Pulaski Circuit Court against the appellant, alleging that G. W. Wells, agent of appellant, entered into an oral contract with appellee in which it was agreed that a policy would thereafter be issued, but that appellee would be protected from the day of the oral agreement.   He alleged that the amount of the policy was to be $500, covering his household belongings.   That thereafter the household goods covered by the insurance were destroyed by fire; that the value of the property lost was approximately $1,300, and that the appellant denied liability, and refused to permit appellee to make proof of loss. He prayed judgment for $500, less a year's premium, 12 per cent. penalty, attorney's fee, and costs.   The premium was not paid, but it is contended by the appellee that Mr. Wells was to send him a policy, and, when he did that, would let him know the amount of it, and he was to send a check in payment of the premium.

The appellant answered, denying all the material allegations in the complaint, and denied that either the home agency or G. H. Wells was the agent of appellant and authorized to issue any policy or make any contract covering the property which the plaintiff claims was destroyed.

Plaintiff's testimony tended to show that the contract was made as alleged, and defendant's testimony tended to show that no agreement whatever was made. There was a trial, and a verdict in favor of the appellee for $500, the amount claimed by appellee, and the insurance company prosecutes this appeal to reverse the judgment.

It is first contended by the appellant that, the suit being on an oral contract, the burden was upon appellee to show there was a meeting of the minds as to all of the essential elements of a contract.   We agree with

this contention of the appellant, but appellant says that the elements as laid down in Cooley's Briefs on Insurance, 2d ed. vol. 1, p. 534, are: (1) the subject-matter; (2) the risk insured against; (3) the amount; (4) the duration of the risk; (5) the premium; and appellant contends that the evidence fails to show the duration of the risk or the premium to be charged.

We do not agree with the appellant in this contention. The appellee testified, in substance, that the duration was to be one year, and that the premium was whatever the regular rate was. This, we think, was sufficient.

On page 535 of the same volume of Cooley's Briefs on Insurance it is stated:

"Though it is regarded as essential that all the elements of the contract be agreed upon, it is not necessary that this be done expressly. In *Concordia Fire Ins. Co.* v. *Heffron,* 84 Ill. App. 610, it was held that an oral contract of insurance will sustain an action, though no express agreement is made as to the amount of premium to be paid or the duration of the policy, if the intention of the parties to the contract in these particulars can be gathered from the circumstances of the case."

The duration of the risk and the premium to be charged may be proved just as any other facts may.

It is next contended that the appellant company had never issued a policy at Hensley, and that no one had any authority to write a policy for it in that place; that, while Wells was an agent of the company at Pine Bluff, he had no authority to issue policies at Hensley or covering property at Hensley.

The undisputed proof shows that the agent had no authority to issue a policy for the appellant on property at Hensley. Wells testifies to this, and Senn, a witness employed by general agents of the New Hampshire Fire Insurance Company at Dallas, also testified that it was his duty to supervise the territory, make inspections, and approve liabilities for the company;

that neither Mr. Wells nor the Home Insurance Agency was authorized to insure any property for the New Hampshire Fire Insurance Company at Hensley. He understood Hensley was an outside town of Pine Bluff, and the New Hampshire Fire Insurance Company objected to any outside business through their Pine Bluff agency; that they were instructed through Trezevant & Cochran not to write any outside business.

The testimony of Wells and Senn is undisputed. It is true the appellee testified that Wells told him that he was giving insurance in the New Hampshire Fire Insurance Company, and represented himself as having authority to issue a policy at Hensley, but it is well settled that neither the fact of agency nor the extent of an agent's authority can be proved by the declaration of the agent, and plaintiff had no proof tending to show that Wells had any authority to issue this policy on property at Hensley, except the declaration of the agent. The law, of course, is well settled that, if an agent enters into a contract for his principal which he has no right to make, or if he exceeds his authority and does not bind the principal, he himself is liable, not on the contract of insurance, but in an action based upon the deceit or upon the contract of warranty or indemnity, but this question is not involved in this suit.

The majority of the court is of opinion that the agent did not have authority to bind the company by making a contract of insurance at Hensley, a territory where the agent had no authority. Mr. Justice HUMPHREYS and the writer are of opinion that, since Mr. Wells had authority to issue policies of insurance for this company, although he had no authority in this particular territory, yet it was in the apparent course of his business and within the apparent scope of his authority, and that limitations as to territory not known to the person with whom he is dealing are of no effect to limit his authority.

The authorities are in conflict on this proposition, and the majority are of opinion that the appellant is

bound only by such acts of the agent as are done in the ordinary course of the business in which he is engaged, and that, since he had no authority to write insurance for the appellant in this territory, the appellant is not bound, even if a contract was made by Wells.

This court has held that an agent authorized to issue policies of fire insurance may make a valid parol executory contract to insure or to issue a policy of insurance. *King* v. *Cox*, 63 Ark. 204, and *Ætna Ins. Co.* v. *Short*, 124 Ark. 505.

Wells, however, was only a local agent, with authority to issue policies in the city of Pine Bluff. It was expressly shown that he had no authority to go to Hensley or other outlying points to solicit or make contracts of insurance for appellant. It is claimed, however, that this was within the apparent scope of his authority. The majority of the court does not think so. His powers as agent were restricted to the territory over which he might issue policies. The majority of the court hold to the views expressed in *North America Co.* v. *Thornton*, 130 Ala. 222, 30 So. 614, 89 A. S. R. 30, 55 L. R. A. 547, to the effect that the fact that one is a general agent of an insurance company for a defined territory gives him no power to bind the company by contracts entered into covering property outside of the territorial limits. The court said that to establish such a doctrine would, in effect, deprive a principal of all power to circumscribe the territory to be covered by the agent, and to deny him the right to confine the exercise of the delegated authority to a particular town or county or State, or even country.

This being the opinion of the majority, it follows that the case must be reversed and dismissed, and it is so ordered.