MARTIN *v.* LINCOLN MUTUAL CASUALTY CO.

1. APPEAL AND ERROR—FINDING OF FACT BY JURY.
   Finding of fact by jury upon disputed testimony is deemed conclusive upon Supreme Court.

2. INSURANCE—ESSENTIALS OF CONTRACT.
   The essentials of a contract of insurance upon which the minds of the parties thereto must meet are: (1) The subject-matter to which the policy is to attach; (2) the risk insured against; (3) the duration of the risk; (4) the amount of indemnity; and (5) the premium to be paid, which must be paid at the time of the contract, or exist as a valid legal charge against the insured.

3. SAME—PROOF OF CONTRACT.
   All details connected with a policy of insurance need not be expressly agreed upon in order to obtain a recovery thereupon but a court is not justified in attempting to ascertain the contract of the parties by conjecture alone.

4. SAME—AUTOMOBILES—PUBLIC LIABILITY AND PROPERTY DAMAGE.
   Failure of automobile public liability and property damage policy, as found to exist by jury, to state any duration of risk precludes recovery by injured party on judgment he had secured against insured who had paid one-sixth of indicated premium somewhat more than two months before occurrence of accident, and there is not a scintilla of evidence as to what is the usual or going rate of such insurance or of period of time such a contract is ordinarily deemed to exist.

Appeal from Eaton; McPeek (Russell R.), J. Submitted June 7, 1938. (Docket No. 7, Calendar No. 39,997.) Decided October 3, 1938.

Assumpsit by Ernest H. Martin against Lincoln Mutual Casualty Company, a Michigan corporation,

to recover sums due under an insurance policy and to satisfy a judgment. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Ira A. Beck* and *Rosslyn L. Sowers,* for plaintiff.

*Stewart A. Ricard,* for defendant.

CHANDLER, J.   On July 26, 1934, the Lincoln Mutual Casualty Company, a Michigan corporation, issued its public liability and property damage policy of insurance to Dealie Williams who was the owner of an automobile described as a 1933 Chevrolet sedan. On October 7, 1934, Vernie Frailey, who was driving the above described automobile, collided with a car driven by plaintiff. Subsequent to the date of the accident, Mr. Frailey and Miss Williams were married and her name will be mentioned hereafter as Mrs. Frailey. As a result of the collision, plaintiff instituted proceedings in the circuit court for Calhoun county against the operator and owner of the Chevrolet sedan, and obtained a judgment in the amount of $1,084.75, which sum included costs. Thereafter, the undersheriff of Calhoun county made a return of *nulla bona* on the return day of execution upon the aforementioned judgment. Ascertaining that defendant had issued a policy of insurance covering the automobile involved in the collision, plaintiff instituted this proceeding to secure payment of the judgment obtained.

In the lower court, defendant contended that the policy exhibited by the plaintiff did not constitute the entire contract between it and Mrs. Frailey; that a certain indorsement had originally been attached to and became a part of the policy which apportioned premium payments for a period of one year;

that since the insured made but one premium payment of $3 on August 20th, the contract of insurance was null and void prior to October 7th, the day of the accident. Defendant also argued, in seeking a motion for a directed verdict, that the policy as presented by plaintiff was void and unenforceable because it failed to express any period during which the risk was to continue. The trial court reserved its ruling on the motion under the Empson act, 3 Comp. Laws 1929, § 14531 (Stat. Ann. § 27.1461), and submitted the case to the jury who found for plaintiff in the amount of $1,084.75, thus, in effect, determining that there was no indorsement upon the policy as argued by defendant. Defendant's motion for judgment *non obstante veredicto* was denied and this appeal was taken from entry of judgment in accordance with the verdict.

The day after the accident upon which this action is founded, it appears that Mrs. Frailey talked with Mr. Nielson, agent of the defendant company, and it was agreed that she should pay $15 which was the balance due upon the policy and Mr. Nielson would give her a receipt dated a day before the accident. This arrangement was carried out on October 8th, but on October 18th, Nielson informed Mrs. Frailey that the company would not accept the money and that the "deal was off." It also appears that shortly after the collision happened, plaintiff went to the home of the Fraileys and asked to see the policy of insurance, and at that time it did not contain the time payment indorsement relied upon by defendant in the trial court. Plaintiff's testimony was corroborated upon this point by Mrs. Frailey, Mr. Frailey, and Mr. Edwards, a brother-in-law of the plaintiff, and the finding of the jury in accord-

ance with this testimony must be deemed conclusive upon the question.

From the schedule of warranties attached to the policy as found by the jury, the sole reference to the premium rate is stated as follows:

| | |
|---|---:|
| Public Liability—limits $5,000 for one person $10,000 for one accident | 9.00 |
| Property damage—limits $5,000 for one accident | 9.00 |
| Premium deposit | $18.00 |

There is no other reference to the rate of premium elsewhere in the policy, nor is there any testimony that the words "Premium deposit $18" refer to an annual premium rate, or that such rate is the usual charge for this type of a policy. Furthermore, an examination of the contract of insurance as found by the jury fails to reveal the period of time the same was to remain in force. Again the record is silent as to any understanding between the parties, as to any prior dealing between them, or as to any custom which would aid the court in determining the duration of time the contract was to exist.

The essentials of a contract of insurance were stated in *Michigan Pipe Co.* v. *Michigan Fire & Marine Ins. Co.,* 92 Mich. 482 (20 L. R. A. 277), and reiterated in *Johnson* v. *Yorkshire Ins. Co.,* 224 Mich. 493, as follows:

"In order to complete a contract for insurance, the minds of the parties must meet and agree to five things: (1) The subject-matter to which the policy is to attach; (2) the risk insured against; (3) the duration of the risk; (4) the amount of indemnity; and (5) the premium to be paid, which must be paid at the time of the contract, or exist as a valid legal

charge against the insured. 1 Wood on Insurance, § 5.''

It is, of course, true that all the details connected with the policy of insurance need not be expressly agreed upon in order to obtain a recovery, yet a court is not justified in attempting to ascertain the contract of the parties by conjecture alone. This rule is well expressed in 1 Cooley's Briefs on Insurance (2d Ed.), p. 535:

''Though it is regarded as essential that all the elements of the contract be agreed upon, it is not necessary that this be done expressly. In *Concordia Fire Ins. Co.* v. *Heffron,* 84 Ill. App. 610, it was held that an oral contract of insurance will sustain an action though no express agreement is made as to the amount of premium to be paid or the duration of the policy if the intention of the parties to the contract in these particulars can be gathered from the circumstances of the case.''

In our opinion, the failure of the policy, as found to exist by the jury, to state any duration of risk precludes recovery in this case. Plaintiff contends that this policy must be interpreted in the light of the ''general understanding among business men'' and as thus read carried an annual premium in the amount of $18. Plaintiff relies upon *Michigan Pipe Co.* v. *Michigan Fire & Marine Ins. Co., supra.* In that case, the agent of the insurance company had written other policies for the same parties, and had afterwards, in the usual course, collected his premiums. Under these circumstances, the court said that consideration must be had for the manner in which business had been usually carried on, and that the rate of premium, not having been paid or fixed by the parties, plaintiff became liable to pay

the usual or going rate.  In the instant case, there is not a scintilla of evidence as to what is the usual or going rate of insurance of this character for a period of one year, nor is there any evidence of prior dealing between the parties upon which an argument of usage or custom may be based.

In *New Hampshire Fire Ins. Co.* v. *Walker*, 178 Ark. 319 (11 S. W. [2d] 772), an action was brought upon an oral contract for fire insurance.  The court held that testimony by the appellee that the duration of the policy was to be one year, and that the premium was to be at the regular rate, was sufficient.  "The duration of the risk and the premium to be charged may be proved just as any other facts may."  The case was dismissed upon other grounds.

In *Cleveland Oil Co.* v. *Norwich Ins. Society*, 34 Ore. 228 (55 Pac. 435), an action was brought to recover for a fire loss upon an alleged oral contract of insurance.  In reversing a judgment in favor of plaintiff, the court said:

"There is an entire lack of evidence tending to show the duration of insurance issued by the defendant company upon risks similar to that in the case at bar, or as to what time would be implied in a contract of insurance when nothing has been said by the parties upon the subject, unless these facts may be inferred from the stipulation in question. Defendant's counsel, referring to the premium of $32.50 which was recited in the stipulation, says: 'It is admitted that it was tendered, and that that was the usual and customary charge by insurance companies for a policy of $1,000 described in the complaint.' * * * So far as this language is concerned, it amounts to an admission that the usual premium for a given time and risk had been tendered; but nothing is said, however, in relation to the terms of the policy issued by the defendant com-

pany in such cases, and, so far as the evidence or admission is concerned, it may be that its policies were issued for greater or less periods than one year.''

In *Strohn* v. *Hartford Fire Ins. Co.*, 37 Wis. 625 (19 Am. Rep. 777), an oral contract of insurance was relied upon for recovery. It appeared that the amount of the premium to be paid, and the continuance of the risk were not agreed upon. The court held that while the parties negotiated about insurance, still they did not agree upon all the terms and no contract was ever completed.

The same question arose in *Imboden* v. *Detroit Fire & Marine Ins. Co.*, 31 Mo. App. 321. The court concedes that in contracts of insurance the duration of the risk must be agreed upon, but held that where the parties agreed that the insurance should terminate at a time when the defendant might elect and insert the date in a space left blank for that purpose, the rule was satisfied. The court distinguishes the case from that of the *Strohn Case*, *supra*, on the ground that there nothing was said as to the duration of the risk. ''In this case the rate was fixed and one instalment was paid to defendant as agreed upon, and the time or the duration of the risk *was* spoken of and an agreement had in reference thereto.'' Hence, the court concludes that the risk was determinable.

An action to compel the issuance of a fire policy pursuant to an alleged oral agreement was brought in *Eames* v. *Home Ins. Co.*, 94 U. S. 621. Among other contentions, the insurance company alleged that the contract, if made, was incomplete because it did not state the period of time during which the policy was to continue. On this point, the court said:

"It does not appear that the application, which was signed on the 12th of October, did not (as is usually done) call for a statement of the period of insurance. It was one of the company's own printed blanks, and the probability is, that the reason this item was not inserted was the almost universal practice of taking ordinary insurance against fire for a year."

However, in reaching this conclusion the court was aided by the fact that other insurance taken by the plaintiff with the defendant company was for a period of one year, and that reference to the premiums as six and one-half per cent. were consistent only with a yearly premium.

There are cases that hold that where the length of time is not stated in the contract of insurance, a reasonable time is to be inferred.

"If we cannot infer that the agreement was for an annual policy, we certainly must assume that it was for a period of time long enough to carry it beyond the date of the fire, which occurred three days after the insurance contract was made." (*New Hampshire Fire Ins. Co.* v. *Blakely,* 97 Ark. 564 [134 S. W. 926]).

See, also, *Schroeder* v. *Trade Ins. Co. of Camden,* 109 Ill. 157, where the court held that a period of 14 days from the time the contract of insurance was made until the loss occurred was not an unreasonable length of time.

However, in the instant case the policy was taken on July 26, 1934, and the accident occurred on October 7, 1934. Under these circumstances, it cannot be said that the accident occurred within a reasonable time after the inception of the policy.

We therefore hold that the defendant insurance company cannot be held liable under the policy of

insurance as found by the jury. The failure of the plaintiff to introduce any evidence of the usual premium rate or the period of time a contract of this nature is ordinarily deemed to exist precludes recovery.

Judgment reversed, without a new trial, with costs to defendant.

Wiest, C. J., and Bushnell, Sharpe, Potter, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.