**BARNETT CHEVROLET COMPANY,**
Appellant,

v.

**Willa COLLINS, Appellee.**

No. 10285.

Court of Civil Appeals of Texas.

Austin.

Feb. 9, 1955.

Harold G. Kennedy, Marble Falls, for appellant.

Bryce Taylor, Burnet, for appellee.

ARCHER, Chief Justice.

This suit was instituted by appellee against appellant seeking a declaratory judgment, a construction of an oral agreement and a declaration of the rights of plaintiff and defendant.

Allegations were made that appellee entered into an oral agreement with appellant for the sale and purchase of an automobile for a total price of $1,800, against which there was an outstanding indebtedness,

which the appellant was to assume and pay appellee the difference amounting to $300 which was to be left on deposit to be used on the purchase of a new automobile, and appellant was to receive of certain insurance payment resulting from damage caused by a collision of the car.

Further allegations were made as to an effort to purchase an automobile by the use of the deposit as part payment, and the refusal of appellant to allow such credit.

Plaintiff then made demand for the payment of the $300 deposited in cash, but payment was not made.

Pleading was further made that a question had arisen as to a construction of the oral contract, and declaratory judgment was sought.

The defendant, appellant herein, filed exceptions to the effect that such declaratory judgment would not terminate the controversy, and the pleading was insufficient in law, and a general denial.

The matter was submitted to the jury which found in response to issues submitted that (1) an oral contract was made for the outright purchase of the automobile for $1,800; (2) that $300 of the purchase price was still unpaid; (3) that Crider was the apparent agent of defendant, and (4) that Crider entered into a valid contract affecting the relative rights of the parties.

Based on the jury verdict the court entered judgment for plaintiff for $300, and found that the contract was a valid one whereby defendant purchased the automobile and that there was still unpaid the sum of $300.

The appeal is before this Court on one point of error as follows:

"The Court erred in overruling defendants motion to refuse to enter judgment and in entering judgment in that it was not the intention of the Declaratory Judgments Act to embrace the controversy involved in this cause."

We believe that this was a proper case for the application of the Uniform Declaratory Judgment Act. The appellee sought a declaration of her rights and for a judgment for such amount as she might be entitled.

The whole matter was submitted to and tried before a jury without exception or objection and was therefore tried by agreement or consent.

Rules 67 and 166-A, Texas Rules of Civil Procedure; Murchison v. Post Independent School Dist., Tex.Civ.App., 258 S.W.2d 229, error ref., n.r.e; McDonald Texas Civil Practice, Vol. 3, Sec. 12.07, p. 1063; Hohenberger v. Schnitzer, Tex. Civ.App., 235 S.W.2d 466, error ref., n.r.e.

Appellee contended that under the contract she was entitled to the $300 in cash but there was a possibility that the deposit could be held as a credit to be applied only on the purchase of a new car from appellant and then only for a limited time.

Issues Nos. Three, Four and Five of the charge submitted this alternative interpretation of the contract, subject to a negative answer to Issue No. One.

These issues were not answered by the jury because of a finding in answer to Issue No. One that there was an outright purchase of the car.

The judgment of the trial court is affirmed.

Affirmed.