■ NATHAN SILBERBERG, Appellant, v. WILLIAM HABER, Respondent.— Order, Supreme Court, New York County, entered on November 20, 1972, which granted defendant's motion to dismiss the complaint, and judgment of said court entered thereon November 27, 1972, unanimously reversed, on the law, the judgment vacated, and the motion denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The complaint contains two causes of action. In the first cause plaintiff alleges that in or about June, 1971, plaintiff and defendant entered into an oral agreement whereby plaintiff undertook (a) to induce the noted artist Abraham Rattner to enter into an agreement with defendant to produce two portfolios of 12 compositions each; (b) to secure the services of a suitable lithographer to arrange and handle matters with respect to the portfolios, each of which would contain 12 lithographs made from the compositions; (c) to secure the services of a suitable printer to arrange all matters with respect to the printing of catalogues, etc.; and (d) to act as defendant's sole and exclusive sales agent and representative from the date defendant notified plaintiff that the portfolios were published, completed and ready for sale " *or for such shorter period that it would take the plaintiff to sell the said 250 portfolios.*" (Emphasis supplied.) For this service plaintiff was to receive a certain commission. Plaintiff alleges performance of (a), (b) and (c) and a willingness and ability to perform (d), but that defendant refuses to recognize plaintiff as his exclusive sales agent at the agreed compensation. The second cause of action is in *quantum meruit* for work, labor and services. On the first cause plaintiff seeks a declaratory judgment and damages allegedly computed in accordance with the agreement, and on the second cause plaintiff seeks $25,000 damages. Before joinder of issue defendant moved, pursuant to CPLR 3211 (subd. [a], par. 5), to dismiss the first cause of action on the ground of the Statute of Frauds, and the second cause for insufficiency. It is from a granting of the motion, and later judgment thereon, that plaintiff appeals. Addressing ourselves to the second cause of action, the general rule is that where an express contract is unenforceable by reason of the Statute of Frauds, there may still be recovery of the reasonable value of the services rendered (*Lewis* v. *Gover*, 28 A D 2d 525). Plaintiff is not in the role of a finder or a negotiator for the sale of a business but of one who has rendered services and whose claim in the second cause is broad enough to place it without the limitation or prohibition of section 5–701 of the General Obligations Law. At the time of the agreement the portfolios had yet to be created. As to the first cause of action defendant urges that the Statute of Frauds bars its maintenance because of the impossibility of performance within one year. Examination of the single pleading does not lead inevitably to that conclusion. The portfolios could well have been completed and, in an eager market, have been sold within a year. Plaintiff asserts he was to be hired for two years

to handle the sales or such shorter period as would accomplish that result. Since there was no joinder of issue, facts well pleaded are assumed correct. The terms of the oral agreement would not render performance impossible within one year. Subdivision 1 of section 5–701, insofar as applicable, refers to an agreement or undertaking which by its terms is not to be performed within one year. " If performance be possible within the year, however unlikely or improbable that may be, the agreement does not come within the proscription of the statute." (*Nat Nal Serv. Stations* v. *Wolf,* 304 N. Y. 332, 335). Concur — Stevens, P. J., Kupferman, Murphy, Steuer and Capozzoli, JJ.