## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* W. W. ROBINSON
### ET AL

73-51                                                   497 S.W. 2d 28

## Opinion delivered July 16, 1973

*Young & Patton,* for appellant.

*R. Gary Nutter* and *Garnet E. Norwood,* for appellees.

*Pickett & Bishop,* for Intervenor, Betty Louise Beck.

FRANK HOLT, Justice. This appeal concerns a declaratory judgment which essentially arose out of a vehicular collision involving a dump truck owned by appellee Robinson. A motorcycle driver was killed in the collision resulting in a wrongful death action against Robinson

and his employee truck driver. Appellant was the insurer of certain vehicles owned by Robinson. Appellant denied coverage of the truck involved in the fatal collision. Because of the coverage dispute, appellant petitioned the court to declare the vehicle involved was not insured by appellant. The trial judge found that the truck was insured by virtue of an oral contract between appellant's general agent and Robinson as contended by Robinson in his response and, also, by appellee intervenor Beck, administratrix of the estate of the deceased motorcycle driver.

Appellant first contends for reversal that the court erred in considering prior oral conversations between appellant's agent and Robinson for the reason that the same were barred by the parol evidence rule. Appellee cites and relies upon *New Hampshire Fire Ins. Co.* v. *Walker,* 178 Ark. 319, 11 S.W. 2d 772 (1927), where we held that parol evidence is admissible to establish a contract of insurance. In the case at bar, suffice it to say that this contention is without merit inasmuch as the testimony concerning these conversations was introduced without objection and "this court has said many times, in effect, that such evidence cannot be challenged for the first time on appeal." *Bourque* v. *Edwards,* 232 Ark. 665, 339 S.W. 2d 436 (1960). Therefore, we observe that the validity of an oral contract of insurance is not before us.

Neither can we agree with the appellant's contention that there was insufficient evidence to uphold the trial judge's decision. On appeal we apply the substantial evidence rule in testing the sufficiency of the evidence to support a finding. In so doing, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee. We do not disturb a finding of fact merely because the testimony is in conflict. "It must appear to us that 'there is no reasonable probability that the incident occurred as found by the [jury] trial court sitting as a jury.' " *Fields* v. *Sugar,* 251 Ark. 1062, 476 S.W. 2d 814 (1972).

In the case at bar, certain testimony appears uncontradicted. Since 1969, appellant had other vehicles owned by Robinson insured under a fleet policy. Appellant's

general agent admittedly had authority to add to or delete vehicles from this policy if instructed by Robinson. Before the fatal collision in 1971, a minor claim was filed with appellant concerning the vehicle in question. Robinson was notified the claim was denied because the truck wasn't included in the fleet schedule. Subsequently, Robinson conversed with appellant's agent regarding adjusting the fleet coverage. It was admitted by appellant's agent that he had all the information he needed to include coverage or the addition of the truck to the fleet policy other than Robinson's permission. Appellant cancelled or refused to renew Robinson's fleet policy a few months following the accident, listing the reason for cancellation as several "losses." Specifically included in that category was the accident for which it now disclaims coverage.

Other testimony is conflicting. Robinson testified that he told the agent during their conversation he wanted the truck "added to my policy." The agent replied he would "take care of it." Robinson was under the impression that this truck was covered from that time forward including the date of the fatal accident. However, according to the general agent, Robinson absolutely made no mention of adding the truck to the existing fleet schedule or at no time told him "to insure it." It appears the primary factual dispute is whether Robinson, in his conversation with appellant's agent, requested that his truck be added to his fleet policy.

As previously indicated, any conflicting versions of the facts were matters for the factfinder to reconcile. Upon a review of the evidence in the light most favorable to the appellee, we find substantial evidence that all the essential elements necessary to constitute an oral contract of insurance existed. *New Hampshire Fire Ins. Co.* v. *Walker, supra.* Certainly in the case at bar, we cannot say "there is no reasonable probability that the incident [agreement] occurred." *Fields* v. *Sugar, supra.*

Affirmed.