PER CURIAM.
Michael and Robin Sorrentino appeal from a final judgment in favor of appellee, Ruth Barwick, in which Barwick was awarded possession of certain real property and $50,000 as damages.
This litigation commenced when Barwick filed a one-Count “Complaint for Eviction” in which she alleged that: the Sorrentinos were tenants in possession of Barwick’s property under a week to week oral lease; and the Sorrentinos had refused to pay the rent due or deliver possession of the property to Barwick. An Amended Complaint was subsequently, filed in four counts. Count I essentially realleged the allegations of the original complaint. Count II real-leged Count I and added that Barwick owned the property and that the Sorrenti-nos had altered the property and committed waste thereon. Count III realleged all of the foregoing and, in addition, it alleged that the Sorrentinos forcibly evicted Bar-wick and unlawfully withheld possession. Count IV sought punitive damages for the Sorrentinos’ wilful conduct.
*56 The Sorrentinos filed an answer that denied the allegations of the complaint and affirmative defenses that alleged their possession was not under a lease but was rather under an oral contract to purchase. The Sorrentinos also counterclaimed for declaratory relief alleging the parties were in doubt as to their rights under the oral contract and praying for a determination thereof.[1]
At trial before the court without a jury the evidence showed the following things. The parties had entered into an oral agreement for the sale of the property pursuant to which the Sorrentinos paid Barwick $50,-000 and Barwick delivered possession to the Sorrentinos. While in possession the Sor-rentinos had spent substantial money on “improvements.” The parties disagreed on the alleged purchase price, how the payments were to be made, and other details of the sale. They also disagreed on whether the “improvements” were really improvements or waste of the property.
The final judgment entered by the trial court awarded possession of the property to Barwick, directed the Sorrentinos to vacate the premises, and awarded Barwick the sum of $50,000.
On appeal the parties seem to be in agreement that the transaction involved the sale of Barwick’s property to the Sorrenti-nos. However, they disagree on the terms of the sale and on the appropriate remedies to be pursued.
After serious consideration of the record and briefs we are unable to determine whether the parties actually had an enforceable contract, and if so, what the terms were and whether there was a breach by appellants or the appellee. In view of this state of the record, there is no adequate support for the judgment ultimately entered.
Accordingly, we believe the ends of justice would be test served by reversing the judgment and remanding the cause for a new trial after the parties have recast the pleadings so as to frame the appropriate issues to be tried.
The judgment appealed from is therefore reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED, with directions.
DOWNEY and BERANEK, JJ., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

. Barwick contends that the counterclaim for declaratory relief will not lie because such relief is not available to construe the rights of parties under an oral contract. This contention is erroneous. Chapter 86, The Florida Declaratory Judgment Act, is available to determine the rights of parties under an oral contract. See Simpson v. Ivey, 67 So.2d 687 (Fla.1953), Keith v. Culp, 111 So.2d 278 (Fla. 1st DCA 1959); Barrineau v. B & F Auto Parts, Inc., 191 So.2d 53 (Fla. 1st DCA 1966).