305 S.E.2d 326

Steven LORENZE, Jr., et al.

v.

Samuel M. CHURCH, Jr., et al.

No. 15551.

Supreme Court of Appeals of
West Virginia.

July 8, 1983.

Andrew G. Fusco, Peter D. Dinardi, Morgantown, for appellees.

Ross Maruka, C. Patrick Carrick, Fairmont, Willard P. Owens, Washington, D.C., for appellants.

McHUGH, Justice:

This is an appeal from a final order of the Circuit Court of Monongalia County declaring rights under an alleged oral lease agreement. The lease was allegedly entered into by the United Mine Workers of America, appellant and lessee, and Steve and Ginger Lorenze, appellees and lessors. The individual named appellants are all members of the United Mine Workers of America.[1] Because we agree with appellants that the trial court erred in denying them a jury trial on the issue of the existence and terms of the alleged oral lease agreement, we reverse and remand.

In 1978 the Lorenzes and the United Mine Workers entered into a written lease for office space for the Mine Workers Safety Division. The two year lease was for the second floor of an office building owned by the Lorenzes' from July of 1978 through June of 1980. The Safety Division occupied the premises and used it as their office.

It is not disputed that there were negotiations regarding a possible extension of the Safety Division's tenancy which were eventually reduced to writing in the form of a proposed lease. It is also not disputed that the proposed lease was never signed by the then president of the United Mine Workers, Arnold Miller, or any other representative of the United Mine Workers. The Lorenzes contend that they had made certain additions and improvements to the structure leased by the union in reliance upon the promised continued tenancy of the United Mine Workers Safety Division.[2]

By contrast, the United Mine Workers denied that they had ever entered into any agreement with the Lorenzes to extend the original two-year lease. They argue that any oral representations were by way of negotiating for a possible new lease, which proposed lease was never executed.

The Lorenzes sought a declaration of the validity of the alleged oral agreement under *W.Va.Code*, 55–13–2 [1941]. The United Mine Workers requested a jury trial on the issue of the existence and terms of any oral lease agreement. In his final order of March 31, 1981, the trial judge made two findings of relevance in this appeal. He held, *inter alia*, that an oral contract was a proper subject for a declaratory judgment action and that appellants were not entitled to a jury trial on the issue of the oral lease agreement. The trial court entered judgment for the Lorenzes in the amount of $18,270. That was the amount of the rental which would have been paid under the alleged oral lease as of the March 31, 1981 order. This appeal followed.

Two main issues are presented by this appeal. First, may a person whose rights, status, or other legal relations are effected by an oral contract obtain a declaration of those rights, status, or other legal relations under *W.Va.Code*, 55–13–2 [1941]? Sec-

---

1. Appellants' contention that service of process was inadequate is without merit.

2. The Lorenzes argued that the act of making the additions to the leased premises was substantial performance of the oral agreement, so as to remove it from prohibition of the statute of frauds, *W.Va.Code*, 55–1–1 [1923]. The trial court agreed. The United Mine Workers chal-

lenge the propriety of the court's ruling. We need not address this issue in view of our holding requiring a new trial on the issue of the existence and terms of the alleged agreement. Similarly, we need not reach the issue of the authority of the President of the United Mine Workers to bind the Union to a lease.

ond, did the trial court err in failing to accord appellants a jury trial on the issue of the existence of an oral lease agreement with appellees?

■ Article 13 of Chapter 55 of the West Virginia Code embodies the Uniform Declaratory Judgment Act. The particular provision of the act central to our inquiry is *W.Va.Code*, 55–13–2 [1941]:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are effected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise, and obtain a declaration of rights, status or other legal relations thereunder."

While this *Code* section speaks initially of declaring rights under a "written contract", it goes on to mention, as amenable to declaration under its rubric, rights and duties arising under a "contract", without employing in this second context the qualifier "written". There is some ambiguity, therefore, in the language of this provision as to whether rights arising under oral contracts may be declared. Two considerations allow us to easily resolve this initial ambiguity. First, *W.Va.Code*, 55–13–12 [1941] provides as follows:

"This Article is declared to be remedial; its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

Construing the language of *W.Va.Code, 55–13–2 in pari materia* with *W.Va.Code*, 55–13–12 clearly indicates that any ambiguity should be resolved in favor of allowing the declaration of rights arising under oral contracts.

Also of relevance is the fact that there is substantial accord in the case law from other jurisdictions in favor of allowing the declaration of rights arising under oral contracts. *Winslett v. Rice*, 272 Ala. 25, 128 So.2d 94 (1961), *overruled on other grounds, Springdale Gayfer's Store Co., Inc. v. D.H. Holmes Co., Ltd.*, 281 Ala. 267, 201 So.2d 855 (1967); *State Farm v. Robinson*, 254 Ark. 995, 497 S.W.2d 28 (1973); *Columbia Pictures v. DeToth*, 26 Cal.2d 753, 161 P.2d 217 (1945); *Sorrentino v. Barwick*, 412 So.2d 55 (Fla.App.1982); *Bacevich v. Campagna*, 136 Ind.App. 473, 202 N.E.2d 581 (1964); *McCarl v. Fernberg*, 256 Iowa 93, 126 N.W.2d 427 (1964); *Friedman v. Noel Estate, Inc.*, 236 La. 862, 109 So.2d 447 (1959); *GRP Ltd. v. U.S. Aviation Underwriters, Inc.*, 402 Mich. 107, 261 N.W.2d 707 (1978); *Temm v. Temm*, 354 Mo. 814, 191 S.W.2d 629 (1946); *Carpenter v. Free*, 138 Mont. 552, 357 P.2d 882 (1961); *Silberberg v. Haber*, 345 N.Y. S.2d 558, 42 A.D.2d 552 (1973); *Atyeo v. Paulsen*, 319 N.W.2d 164 (S.D.1982); *Barnett Chevrolet Co. v. Collins*, 275 S.W.2d 559 (Tex.Civ.App.1955); *Arko v. Farmer's Insurance Exchange*, 30 Utah 2d 276, 516 P.2d 1395 (1973); *contra, Ohio Dairy v. Stark County Milk Producer's Ass'n.*, 89 Ohio App. 26, 100 N.E.2d 695 (1950); *see generally,* 22 Am.Jur.2d *Declaratory Judgments* § 22 (1965); 26 C.J.S. *Declaratory Judgments* § 35 (1956).

Accordingly, we hold that a person whose rights, status or other legal relations are affected by an oral contract may obtain a declaration of those rights, status, or other legal relations under *W.Va.Code*, 55–13–2 [1941]. The trial court did not err in allowing appellants to seek a declaration of rights under the alleged oral lease agreement.

■ We turn now to appellant's contention that they were entitled to a jury trial on the issue of the existence of the alleged oral lease agreement upon which appellees' declaratory judgment action was predicated. The right to a jury trial in declaratory judgment actions is recognized in W.Va.R.Civ.P. 57.[3] Furthermore, where

---

**3.** *W.Va.R.Civ.P.*

"The procedure for obtaining a declaratory judgment pursuant to West Virginia Uniform Declaratory Judgment's Act, *Code,* chapter 55,

Article 13 [§ 55–13–1 *et seq.*] shall be in accordance with these rules, and the right to trial by jury may be demanded under the

there have been genuine issues as to material facts in declaratory judgment actions, this Court has approved submission of such issues to a jury. *Blamble v. Harsh,* 163 W.Va. 733, 260 S.E.2d 273 (1979); *Stephens v. Raleigh Co. Bd. of Ed.,* 163 W.Va. 434, 257 S.E.2d 175 (1979). Certainly the existence or non-existence of an oral lease agreement is a material factual issue and appellants are entitled to a jury trial on this issue. This Court has held, in syllabus point 2 of *State ex rel. W.Va. Truck Stops v. McHugh,* 160 W.Va. 294, 233 S.E.2d 729 (1977), "a trial court exceeds its legitimate powers when it denies a jury trial to one entitled thereto who makes a proper demand therefor."

Because the trial court denied appellants a jury trial, despite a proper and timely demand therefor, this case must be reversed and remanded for proceedings consistent with the principles set forth herein.

Affirmed in part; reversed in part; and remanded with directions.

circumstances and in the manner provided in     rules 38 and 39."