## MARYLAND CASUALTY CO. v. FAULKNER et al.

No. 8839.

Circuit Court of Appeals, Sixth Circuit.

March 2, 1942.

W. R. Lay, of Pineville, Ky. (Golden & Lay, of Pineville, Ky., on the brief), for appellant.

B. B. Snyder, W. B. Early, Glenn H. Stephens, J. C. Bird, and Stephens & Steeley, all of Williamsburg, Ky., for appellee.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

This appeal, like that in Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., 6 Cir., 126 F.2d 172, this day decided, challenges the discretion of the District Court in dismissing a bill for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400. In this case, as in that, there is no question as to the existence of an actual present controversy.

The appellant is an insurer and issued a policy to the appellee Faulkner, undertaking to compensate, on behalf of the insured, persons who may have sustained injuries through accident arising out of the ownership, maintenance, or use of an automobile covered by the policy. The word "insured" was defined in the instrument to include not only the named insured, but any person while using the automobile provided that its actual use was with the permission of the insured named therein. On May 10, 1939, the automobile was involved in an accident in which John Henry Sharpe, Orin Prewitt and Alex Prewitt were injured, the car, at the time of the accident, being driven by Arthur Mayne, an employee of Faulkner.

On July 12, Sharpe began suit in the Whitley Circuit Court of Kentucky against Faulkner and Mayne, charging that Mayne was operating the car as an employee and agent of Faulkner, in the line of his duties under his employment, and with the permission, knowledge, and consent of Faulkner. On September 5th, the appellant began the present action in the United States District Court for the Eastern District of Kentucky, sitting at London, against Faulkner, Mayne, Sharpe, and the Prewitts, alleging that Sharpe had filed suit against its insured; that the Prewitts were threatening suit; that the car at the time of the accident was not being operated on the business of Faulkner, and was being operated without his knowledge, permission, or consent. The petition prayed for judgment declaring that the appellant was not liable, under the terms of its policy, for damages to the injured persons.

The appellees moved to dismiss the petition on the ground that the District Court was without jurisdiction. While their motion was pending and before decision thereon, Sharpe's case against Faulkner and Mayne came to trial in the Whitley Circuit Court with both defendants denying liability, and Faulkner, in addition, denying that Mayne was operating the car on his business, within the duties of his employment, or with his knowledge or consent. The jury failed to reach a verdict. Thereafter, the Prewitts each filed a similar suit against Faulkner and Mayne. The three cases were then consolidated for trial and in each the jury found a verdict against Mayne but failed to make a finding either for or against Faulkner. On April 2, 1940, the three plaintiffs each filed a petition for change of venue asking to have the cases remaining against Faulkner transferred to some county other than Whitley. At the same time, Sharpe filed suit against the appellant seeking to collect the judgment he had recovered against Mayne, and alleging that the appellant, by reason of the terms of its policy, was liable therefor.

There were thus three suits pending against Faulkner and one against the appellant, when, on August 14, 1940, the District Court undertook to decide the motion to dismiss. The appellant was not a party to any of the suits at the time it filed its petition for declaratory relief, and was not at any time a party to the suits for damages, although it was obligated by the terms of its policy to defend them in the name and on behalf of the insured without regard to whether the suits were groundless, false, or fraudulent. The District Court conceding that the petition sufficiently stated an actual controversy within the scope of Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, and our decision in Employers' Liability Assur. Corp. v. Ryan, 109 F. 2d 690, and conceding also that under Rule 57 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, declaratory relief may not be denied merely because of the pendency of another suit in which adequate relief may be afforded, nevertheless concluded that since the Declaratory Judgment Act does not command, but merely confers upon the Federal Courts the power to exercise jurisdiction, it was within its judicial discretion to decline to assume it if good reason for such course appeared. This was upon the authority of Western Supplies Co. v. Freeman, 6 Cir., 109 F.2d 693, and in reliance upon a generalization found in Rogers v. Guaranty Trust Co., 288 U.S. 123, 131, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720, to the effect that jurisdiction will be declined when considerations of convenience, efficiency, and justice point to state courts of domicil as appropriate tribunals for adjudication.

178

The motion to dismiss was granted, the court finding justification for the exercise of his discretion in that respect, in the extreme poverty of the defendant Sharpe, the difficulty that he would encounter in bringing his witnesses to the seat of the District Court, and the fact that the appellant would be afforded sufficient opportunity to assert its immunity from liability in the state court, where it had already been sued. A limited extent of threatened danger to the appellant, due to modest judgments against Mayne, and the lack of financial ability of Sharpe, seemed, to the court, sufficient to make the case exceptional, and so to point to the state court as the appropriate tribunal for the determination of the rights of the parties.

We think that the motion to dismiss was erroneously granted. At the time the petition for declaratory relief was filed there was a suit pending in the state court, the result of which might ultimately impose an obligation upon the appellant. Other suits were imminent. The appellant was not a party defendant to such suits and the question of its responsibility, under the terms of its policy, could not therein be determined. An actual and present controversy, nevertheless, had arisen. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. Diversity of citizenship existing between the appellant and its insured, and the jurisdictional amount being involved in the controversy, the appellant had a right under the Act to seek declaratory relief. This right could not in any way be affected by what thereafter transpired in the state court. Moreover, the question of the appellant's liability under its agreement, could fully and completely be decided upon the issue presented by its bill, avoiding a multiplicity of suits, or defenses.

Assuming that discretion to decline jurisdiction of the appellant's bill resided in the District Court, concerning which we expressed some doubt in Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., supra, we are of the opinion that it was improvidently exercised. According to the record, Sharpe and the Prewitts reside in Corbin, and the distance from Corbin, Kentucky, to Williamsburg, the county seat, is 18 miles. We are told that from Corbin to London, a seat of the District Court, is but 14 miles. The towns are connected by a bus line traversing a modern, hard-surfaced highway. Moreover, the issue as to liability in the District Court would have required the attendance of none of the witnesses to the accident. But if these circumstances are not enough to negative hardship, or if we are not justified in taking judicial notice of the distance from Corbin to London, and the character of the transportation service available, it now appears that all of the plaintiffs in the state court have filed petitions for change of venue, which, if granted, will remove the cases to an adjoining county and require their trial at county seats doubtless even further removed from their residence than is the seat of the District Court.

The Congress having conferred upon Federal Courts the power to grant declaratory relief in an appropriate case, the right to it is not lightly to be denied. The generalization from Rogers v. Guaranty Trust Co., supra, has no application here. It was pronounced in support of the settled doctrine that a court, state or federal, sitting in one state will, as a general rule, decline to interfere with or control by injunction, or otherwise, the management of the internal affairs of a corporation organized under the laws of another state. See Wallace v. Motor Products Corp., 6 Cir., 25 F.2d 655, 658. This principle is not here involved. The remedy of a declaratory judgment will be refused, granting the court has discretion to decline it, only if it will not finally settle the rights of the parties. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321. It will not be refused merely on the ground that another remedy is available or because of the pendency of another suit if the controversy between the parties will not necessarily be determined in that suit. Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261. A declaratory judgment proceeding which involves only the extent of the coverage of an insurance policy and not the liability of the insured to the persons injured in the accident, will be entertained in the Federal Court, and the insurer is entitled to have the extent of the coverage of its policy declared in such a proceeding,—other essentials of jurisdiction being present. Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514. The last cited case is identical with this and we follow its reasoning and approve the result there reached.

Reversed and remanded for trial.