Louis L. Melsha, appellant, v. Tribune Publishing Company of Cedar Rapids, a corporation, appellee.

No. 47879.

(Reported in 51 N.W.2d 425)

February 5, 1952.

Crissman & Bleakley and John C. Eichhorn, all of Cedar Rapids, for appellant.

John D. Randall and Richard F. Nazette, both of Cedar Rapids, for appellee.

HAYS, J.—This is an equitable action, praying for a declaratory judgment. Plaintiff seeks an adjudication as to his status as a minority stockholder in defendant-corporation, under section 491.25, Code, 1946. A motion to dismiss the petition was sustained and plaintiff appeals.

The petition, as far as material, alleges in substance: that in June 1928 defendant's corporate charter was issued, to continue for twenty years with renewal privileges; on June 8, 1948, there were issued and outstanding 625 shares of stock, of which the plaintiff owned 135 shares; on said date, the stockholders by a vote of 470 to 135 voted to renew the charter; that the 135 shares voting "no" were owned by plaintiff. On June 19, 1948, it was voted to rescind the action taken on June 8, 1948, and to amend the articles by "changing the provisions limiting the period of incorporation to twenty years with renewal rights to a provision providing for perpetual existence." Thereafter the articles were duly filed and recorded. Plaintiff prayed that the action taken June 19, 1948, be deemed a renewal within the purview of section 491.25, Code, 1946; that the status of the plaintiff be decreed to be that of a stockholder voting against a renewal within the terms of said statute.

To this petition the defendant filed a motion to dismiss, in substance as follows: that said petition on its face shows that the plaintiff has no right to bring or maintain the action and the court does not have jurisdiction of the defendant or the subject matter of the suit and in truth and in fact the said petition affirmatively shows the articles were not renewed but were amended to give the corporation perpetual existence.

Thereafter on August 25, 1950, the trial court sustained the motion to dismiss, generally, and dismissed plaintiff's petition. Plaintiff did not plead further and the judgment became final under rule 86, R. C. P.

Appellant assigns as error each of the grounds set forth in the motion to dismiss. This was necessary in view of the fact that the trial court sustained the motion generally instead of ruling on each ground thereof separately.

Section 491.25, Code, 1946, as far as material, provides: "Corporations existing for a period of years may be renewed from time to time for the same or shorter periods, or may be renewed to exist perpetually, *if a majority* of the votes cast at any regular election, or special election called for that purpose, at any time during the corporate life or within three months after the termination thereof, *be in favor* of such renewal, *and if those voting for. such renewal will purchase* at its real value *the stock voted against such renewal.*" (Italics added.)

A proceeding for a declaratory judgment is. statutory and of rather recent origin in this state. Rules 261 to 269, incl., R. C. P., govern and control such proceedings. It is a special action under section 611.2, Code, 1946, and being remedial should be given a reasonably liberal construction. State-v. Central States Elec. Co., 238 Iowa 801, 28 N.W.2d 457; Katz Inv. Co. v. Lynch, 242 Iowa 640, 647, 47 N.W.2d 800.

Rule 261 states, in substance, courts shall declare rights, status, and other legal relations whether or not further relief is or could be claimed. The declaration may either be affirmative or negative and shall have the force of a final decree.

Rule 262 states that "any person * * * whose rights, status or other legal relations are affected by a statute * * * may have determined any question of the construction or validity thereof or

arising thereunder, and obtain a declaration of rights, status or legal relations thereunder."

The general purpose of a declaratory judgment is to provide a speedy remedy for adjudication of legal rights before there has been an invasion thereof, but generally this action is maintainable only where it will accomplish some useful purpose. 1 C. J. S., Actions, section 18d(5), page 1023. It is also a basic requirement that there be involved an actual, real or justiciable controversy concerning a right. 1 C. J. S., Actions, 18d(6); State v. Central States Elec. Co., 238 Iowa 801, 28 N.W.2d 457; City of Flint v. Consumers Power Co., 290 Mich. 305, 287 N.W. 475; Redick v. Peony Park, 151 Neb. 442, 37 N.W.2d 801; Ohio Casualty Ins. Co. v. Marr, 305 U. S. 652, 59 S. Ct. 245, 83 L. Ed. 422.

It should appear from the facts alleged that petitioner has present rights against the persons whom he makes parties to the proceedings with respect to which he may be entitled to some consequential relief, either immediate or prospective. 1 C. J. S., Actions, section 18d(11); Continental Mut. Ins. Co. v. Cochran, 89 Colo. 462, 4 P.2d 308; Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U. S. 270, 61 S. Ct. 510, 85 L. Ed. 826.

I. Appellant asserts as error the statement in the motion to dismiss that plaintiff has no right to bring or maintain this action. The motion having been sustained generally, the specific ground of the motion upon which the ruling was based is not known. It may have been all or any one thereof.

The prayer of the petition must be examined in determining what constitutes the subject matter of litigation for judicial purposes. Federal Land Bank of Omaha v. Jefferson, 229 Iowa 1054, 295 N.W. 855, 132 A. L. R. 1282. This shows the relief asked is whether the action of the appellee and its majority stockholders was within the purview of section 491.25, Code, 1946, and that the rights of the appellant were those of a stockholder voting against a renewal of the articles. In his reply brief and argument appellant states: "At no time has the appellant questioned the right and power of the appellee to change its corporate existence from a period of years to that of perpetual existence; neither has he questioned the manner and procedures by

which the appellant [appellee] provided perpetual existence for its corporate life."

Examined in the light of the general rules applicable to this type of action, as above-stated, it is apparent appellant is only interested in the matter of the purchase of his stock, as provided for by section 491.25. In Terrell v. Ringgold County Mut. Tel. Co., 225 Iowa 994, 282 N.W. 702, which was a suit to recover from the corporation and the stockholders the real value of similarly voted stock, as in the instant case, a motion to dismiss filed by the corporation was sustained upon the ground that section 8365, Code of 1939 (section 491.25; Code of 1946), created no liability on the corporation, or a lien upon its assets. The only matter of concern to the corporation is that its charter be perpetual. The purchase of appellant's stock, under the provisions of the statute in question, is a matter of concern to the stockholders who might be liable therefor. It will be noted that both rules 261 and 262, R. C. P., speak of legal relations, rights or status. 1 C. J. S., Actions, section 18d(11), states that it should appear from the facts alleged that claimant has present rights against the persons whom he makes parties to the proceedings, with respect to which he may be entitled to consequential relief. As far as the parties to this action are concerned, they have no adverse interests in a legal sense. It seems clear that there is no justiciable issue between them. This being true, appellant is not entitled, under the rules above-mentioned, to maintain this type of action under the facts stated. This phase of the motion to dismiss was well founded.

II.   Appellant assigns error due to failure of the trial court to rule on the motion, as required by rule 118, R. C. P. This is a perplexing question. It is technical in nature. The result of a failure to comply therewith does not deprive appellant of any right. It does however greatly enhance the labor incidental to an appeal therefrom. The question was before us in Hull v. Bishop-Stoddard Cafeteria, 238 Iowa 650, 26 N.W.2d 429, and Betz v. Sioux City, 239 Iowa 95, 30 N.W.2d 778. In each case we directed attention to the rule but did not consider it to be reversible error. In view of the situation presented by this appeal, where it so clearly appears that appellant has not stated a cause of action, we do not feel warranted in so considering it.

The writer hereof, speaking only his own personal view upon the question, and not necessarily the opinion of the other members of the court, is of the opinion that in fairness to all parties, litigants and to this court a failure to observe such rule 118, R. C. P., should ordinarily be held to constitute a reversible error. Under such a view the successful party in the trial court, if he would protect the fruits of his victory in the event of an appeal, would see to it that such rule was complied with, or make an effort to such effect. There is an old saying "a word to the wise is sufficient."

Finding no error the judgment of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.