HARTFORD ACCIDENT & INDEMNITY COMPANY, a corporation, appellant, v. O'CONNOR-REGENWETHER POST No. 3633, V. F. W., et al., appellees.

No. 48836.

(Reported. in 73 N.W.2d 12)

November 15, 1955.

Jordan, Jordan, McConlogue & Pence, of Cedar Rapids, for appellant.

M. Stapleton, of Dubuque, and Schoenthaler & Lee, of Maquoketa, for appellees.

WENNERSTRUM, J.—The plaintiff's petition seeks a declaratory judgment relative to a policy of insurance written by it and insuring O'Connor-Regenwether Post No. 3633, Veterans of Foreign Wars, located at Maquoketa, Iowa. The defendant Post filed a motion to dismiss the plaintiff's petition which was sustained by the trial court. It also denied the plaintiff's application for a temporary injunction pending the determination

of the action for declaratory judgment. The plaintiff has appealed.

The present litigation has developed by reason of a prior action brought against the Post by Dennis Ahern and Alice Ahern. They therein sought damages for the death of their 25-year-old son as the result of a collision of two automobiles in one of which the son was riding. It is the claim of the parents of the deceased son representatives of the Post along with others served intoxicating liquor or beer to the occupants of the two automobiles while they were intoxicated. It is claimed by reason of the foregoing facts the collision resulted. The action was brought under the provisions of what is generally referred to as the Iowa Dram Shop Laws. Sections 129.1–129.12, 1954 Code of Iowa. In this first action the issues have not been finally determined.

Following the filing of the suit by the Aherns the Post made demand of the insurance company to defend and protect it in the lawsuit brought against it. The insurance company refused the demand made upon it and maintained under the terms of its insurance contract it was not obligated to defend its insured against a claim as made in the action brought by the Aherns.

The insurance company's policy was of a landlords' and tenants' liability nature and purported to cover the Post's premises. It was therein agreed by the company to pay on behalf of the insured all sums which it should become obligated to pay as damages because of bodily injury, sickness or disease, including death sustained by any person caused by an accident and arising out of the maintenance or the use of the Post premises and all operations necessary or incidental thereto.

It is the plaintiff's contention the trial court erred (1) in sustaining the Post's motion to dismiss the petition for declaratory judgment and application for temporary injunction on the ground the petition set up no basis of necessity for a declaratory judgment; (2) in sustaining the motion to dismiss and in refusing to enter a temporary injunction on the ground no final judgment which might be rendered would be res adjudicata of the rights of the parties; (3) in holding any judgment entered in the declaratory-judgment action would be of a prophetic nature; (4) that the action was premature.

I. Rules 261 to 269 inclusive, R. C. P., relate to actions for declaratory judgment. In rule 261 it is stated "Courts of record" in declaratory-judgment proceeding "* * * shall declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *" and in rule 262 it is provided: "Any person interested in a contract, oral or written, * * * or whose rights * * * are affected by * * * contract * * * may have determined any question of the construction or validity thereof or arising thereunder, and obtain a declaration of rights, status or legal relations thereunder."

We held in Katz Investment Co. v. Lynch, 242 Iowa 640, 647, 47 N.W.2d 800, 805, "* * * declaratory relief will not ordinarily be granted where there is no actual or justiciable controversy between the parties and a mere advisory opinion is sought."

See also Melsha v. Tribune Pub. Co., 243 Iowa 350, 353, 51 N.W.2d 425. We held in State v. Central States Elec. Co., 238 Iowa 801, 820, 28 N.W.2d 457, as stated in the rule the purpose of declaratory relief is to determine a right, status and relation.

II. We consequently must determine whether under the pleadings here involved there is "an actual controversy" between the parties. In Maryland Casualty Co. v. Pacific Coal & Oil Co. (1941), 312 U. S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826, 829, in commenting on this question the Supreme Court of the United States stated: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." In the cited case the facts are somewhat similar to the instant case. A plaintiff sought damages against an insured as the result of an automobile-truck collision. The insurer of the truck involved then brought an action for declaratory judgment, wherein it was alleged the insurer was not bound to defend an action brought against the insured. A demurrer to the petition was sustained in the federal district court and was affirmed in the Circuit Court of Appeals, Ohio, 111 F.2d 214. The Supreme Court of the United States reversed, holding as above stated.

172

A declaration of nonliability is within the scope of a justiciable controversy. Maryland Casualty Co. v. Hubbard, 22 F. Supp. 697, 699. In State Farm Mut. Auto. Ins. Co. v. Mossey (1952) 195 F.2d 56, 58, the question there involved was whether the insurance company was under obligation to defend where there had been a misrepresentation of age. The company maintained the policy was void. The federal district court held in a declaratory-judgment action the policy was void and the Circuit Court of Appeals, Seventh Circuit, affirmed, citing Maryland Casualty Co. v. Pacific Coal & Oil Co., supra. See also Western Casualty & Surety Co. v. Beverforden, 8 Cir., Mo., 93 F.2d 166, 168; Aetna Life Ins. Co. v. Haworth, 300 U. S. 227, 57 S. Ct. 461, 81 L. Ed. 617, 108 A. L. R. 1000, 1002.

The extent of coverage of an insurance policy is a proper subject for determination in a declaratory-judgment action. It was so held in Providence Washington Indemnity Co. v. Edes (1953) 109 F. Supp. 813, 814, where it is stated: "The case of Maryland Casualty Company v. Faulkner, 6 Cir., 126 F.2d 175, is squarely against the contention raised by defendant Flaherty. In that case it was decided that an action for declaratory judgment concerning whether the insurer was liable under the terms of the policy for injuries to persons in the insured's automobile presented an actual and present controversy within the Declaratory Judgments Act, 28 U. S. C. A. §§ 2201, 2202, notwithstanding the insurer was not a party defendant to a suit which had been filed in state court against the insured. Therefore, a declaratory-judgment proceeding may be entertained to determine controversies over coverage of an insurance policy. See also Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; Maryland Casualty Co. v. Hubbard, D. C., 22 F. Supp. 697."

III. The remedy of a declaratory judgment will be refused, provided the court has discretion to decline it, only if it will not finally settle the rights of the parties. Maryland Casualty Co. v. Faulkner, supra. It is quite apparent to us that in the instant case a declaratory judgment would settle quite decisively whether there is any liability on the part of the insurer. It should not be compelled to participate in an action where there

is no liability or obligation on its part to do so. This question should be determined. We feel the statement in Maryland Casualty Co. v. Faulkner, supra, 126 F2d 175, is here applicable: "A declaratory judgment proceeding which involves only the extent of the coverage of an insurance policy and not the liability of the insured to the persons injured in the accident, will be entertained in the Federal Court, and the insurer is entitled to have the extent of the coverage of its policy declared in such a proceeding—other essentials of jurisdiction being present. Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514."

■ IV. A motion to dismiss admits all material facts well pleaded. Schultz v. Brewer, 244 Iowa 21, 55 N.W.2d 561; Eittreim v. State Beer Permit Board, 243 Iowa 1148, 1150, 53 N.W.2d 893. This has been the holding in declaratory-judgment actions. Western Casualty & Surety Co. v. Beverforden, supra; Anderson, Declaratory Judgments, section 102, page 272; Travelers Indemnity Co. v. Cochrane, 155 Ohio St. 305, 98 N.E.2d 840, 844.

■ In the petition of the plaintiff in the instant action it is alleged: "* * * there is a present dispute between the parties as to their rights and duties under the aforementioned insurance contract, * * * particularly in connection with the petition filed by defendants Dennis Ahern and Alice Ahern, * * *." It is our conclusion the pleadings filed definitely disclose a justiciable controversy and consequently is the proper subject for a declaratory-judgment action.

It is our considered holding there is an actual controversy relating to the coverage of the insurer's insurance contract, and it is properly the subject of consideration in a declaratory-judgment action. The district court should determine the extent of the insurance company's coverage. We consequently hold the trial court was in error in sustaining the motion to dismiss, and, in view of our decision, the case is remanded for decree in accordance herewith but without prejudice to plaintiff renewing its application for a temporary writ of injunction.—Reversed and remanded.

OLIVER C. J., and BLISS, GARFIELD, SMITH, HAYS, THOMPSON, and LARSON, JJ., concur.

PETERSON, J., takes no part.