Trevor Lee ERICKSON, A Minor by Eldon H. Erickson, His Father and Next Friend, and Eldon H. Erickson, Plaintiffs,

v.

Roger Glenn CHRISTENSEN, Defendant.

Roger Glenn CHRISTENSEN, Cross-Petitioner-Appellee,

v.

Mrs. Mary VAN DORN, a/k/a Mrs. Mary Van Dorin, Defendant to Cross-Petition-Appellant.

No. 59850.

Supreme Court of Iowa.

Jan. 18, 1978.

Thomas R. Eller, of Nash, Eller, Brink & Claussen, Denison, for defendant to cross-petition-appellant.

M. Gene Blackburn and William G. Enke, of Mitchell, Murray, Blackburn & Coleman, P. C., Fort Dodge, for cross-petitioner-appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and HARRIS, JJ.

HARRIS, Justice.

The question is whether the subject of a counterclaim is too speculative to form a basis for a declaratory judgment action. The trial court determined there was no substantial controversy involved in the counterclaim of sufficient immediacy to warrant declaratory judgment. Hence the trial court dismissed the counterclaim. We affirm.

The controversy arose from an accident which occurred May 18, 1973 in which a four-year-old boy, Trevor Lee Erickson (the child) was struck by a vehicle operated by Roger Glenn Christensen (the driver). Mary Van Dorin (the babysitter) was babysitting with the child at the time and was charged with his custody and control.

Suit was filed in behalf of the child by Eldon H. Erickson, his father, and by the father in his own right, against the driver. That suit was subsequently settled and judgment entered.

A separate action is presently pending in district court in which the driver is seeking contribution from the babysitter to recoup for the settlement on a theory of concurrent negligence. The instant controversy has to do with a counterclaim filed in the driver's contribution suit.

A counterclaim was filed by the babysitter which sought declaratory judgment that, in the event the child or someone for him should file a future action and obtain judgment against the sitter above and beyond the settlement previously recovered, then the sitter would be entitled to indemnity against the driver. This appeal was taken from a trial court finding that no justiciable controversy existed between the sitter and the driver and consequent dismissal of her counterclaim.

■ I. In a number of cases we have described the criteria by which we determine whether a justiciable controversy exists which is appropriate for declaratory judgment. They were summarized in *Bechtel v. City of Des Moines*, 225 N.W.2d 326, 330–332 (Iowa 1975). We indicated the question of whether a justiciable controversy exists may be quite close as it is one of degree. See also *Farm & City Insurance Company v. Coover*, 225 N.W.2d 335, 336 (Iowa 1975); *Green v. Shama*, 217 N.W.2d 547, 551 (Iowa 1974); *McCarl v. Fernberg*, 256 Iowa 93, 95, 126 N.W.2d 427, 428 (1964), and *Katz Investment Co. v. Lynch*, 242 Iowa 640, 648, 47 N.W.2d 800, 805 (1951). According to these cases the underlying question is whether the facts alleged show there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment.

■ Under this test we believe the trial court ruled properly. The controversy between the babysitter and the driver could become substantial and certainly adverse. However we do not believe it is of sufficient immediacy and reality to justify judicial intervention under the facts alleged. Though entirely possible, it is far from certain the child will ever attempt to sue the babysitter. If he does he will have to prove his damages were above and beyond the $45,000 the record shows he has already received in settlement. See *Shasteen v. Sojka*, 260 N.W.2d 48 (Iowa 1977).

Because, as we have said, this is a question of degree it is not entirely free from doubt. But we believe any differences between the babysitter and the child cannot be said to be immediate nor real within the requirements for declaratory relief.

Our affirmance is without prejudice to the rights of the child and the babysitter in any future action.

AFFIRMED.