LAKOTA CONSOLIDATED INDEPENDENT SCHOOL, Appellant,

v.

BUFFALO CENTER/RAKE COMMUNITY SCHOOLS; Harold Davids; Karen Davids; Harm Davids and Hazel Davids as Guardians of Debra A. Davids, Duane A. Davids and Laura K. Davids, minors; Dewayne Maass; Berneice Maass; Gerhald Maass; as Guardian of Brenda Maass, Myrna Maass, and Donna Maass, minors; Gail Olthoff; Eunice Olthoff; and Delores J. Wertjes as Guardian of Rodney Richard Olthoff, a minor, Appellees.

No. 68105.

Supreme Court of Iowa.

June 15, 1983.

Murray H. Finley of Finley & Teas, Mason City, for cross-appellants Olthoff and Wertjes.

Richard A. Potter, Buffalo Center, for appellees.

Harold W. White of Fitzgibbons Brothers, Estherville, for appellant.

C.W. McManigal of Laird, Burington, Bovard, Heiny, McManigal & Walters, Mason City, for cross-appellant Buffalo Center/Rake Community Schools.

CARTER, Justice.

The plaintiff school district has appealed from district court orders dismissing its claim for a declaratory judgment, money damages, and injunctive relief against the defendant school district and certain individual defendants. Plaintiff's claim is based upon the tuition and bus transportation policies of the defendant school district for students residing in the plaintiff school district. The defendants have cross-appealed from the trial court's order denying their claim that plaintiff has failed to exhaust administrative remedies.

The plaintiff Lakota Consolidated Independent School (Lakota District) alleges in its petition that the defendant Buffalo Center/Rake Community Schools (Buffalo Center/Rake District) has acted contrary to law and has violated Iowa Code sections 282.1 and 285.1(11) (1981) by permitting students who reside in the Lakota District to attend the Buffalo Center/Rake District schools without payment of tuition and in providing bus transportation to those students outside the boundaries of the Buffalo Center/Rake District. It is alleged that the students in question continue to reside with their parents in the Lakota District even though they are the wards of legal guardians who live in the Buffalo Center/Rake District. The parents and guardians are named as defendants together with the Buffalo Center/Rake District.

After overruling the defendants' special appearance based on an alleged failure of the plaintiff to pursue available administrative remedies, the district court granted defendants' motion to dismiss the petition for failure to state a claim upon which relief can be granted. We consider the arguments presented by the Lakota District that this ruling was erroneous and also the claim of the defendants that the court should decline jurisdiction based on the Lakota District's failure to pursue available administrative remedies. Because the defendants' claim affects our jurisdiction, we consider that issue first.

I. *Failure to Pursue Administrative Remedies.*

Defendants urged in their special appearance in the district court and continue to argue on appeal that where an administrative remedy is provided by statute such remedy must be exhausted before resort may be had to the courts. It contends that the State Board of Public Instruction is an agency initially empowered to consider the complaints which have been lodged by the Lakota District in the present case. We have no problem in accepting defendants' argument with respect to the abstract principle involved, and we agree that it has been applied to claims involving school districts. *See Griffith v. Red Oak Community School District,* 167 N.W.2d 166, 171 (Iowa 1969). The difficulty which we face is to determine whether in fact an adequate administrative remedy is available to the Lakota District with respect to the matters complained of in its petition.

In *State ex rel. Turner v. Iowa Electric Light & Power Co.,* 240 N.W.2d 912, 913–14 (Iowa 1976), we recognized the distinction which exists between three aspects of the exhaustion requirement. These are: (1) exhaustion of claims within an administrative agency before seeking judicial review of agency action, (2) the doctrine of primary jurisdiction recognized by courts as precluding a deliberate bypass of an adequate administrative remedy, and (3) the doctrine of exclusive jurisdiction whereby the legislature requires primary resort to an administrative agency with respect to a particular type of claim. Because no attempt to pursue an administrative remedy has previously been undertaken by the Lakota District, the first example of the exhaustion requirement is not involved in the present case.

The defendants contend that the legislature has provided that exclusive jurisdiction of the Lakota District's claims lies with the State Board of Public Instruction. In support of this contention, it relies on Iowa Code section 290.1 (1981) which provides:

Any person aggrieved by any decision or order of the board of directors of any school corporation in a matter of law or fact may, within thirty days after the rendition of such decision or the making of such order, appeal therefrom to the state board of public instruction; the basis of the proceedings shall be an affidavit filed with the state board by the party aggrieved within the time for taking the appeal, which affidavit shall set forth any error complained of in a plain and concise manner.

The trial court held that the appeal provided for in the foregoing statute would not permit consideration by the State Board of Public Instruction of the claims for damages and injunctive relief which are included in plaintiff's petition. We agree. Iowa Code section 290.6 (1981) provides, in part, "Nothing in this chapter shall be so construed as to authorize the state board of public instruction to render judgment for money." Nor does it appear that the state board is authorized to grant plaintiff the injunctive relief which it seeks against the defendants.

■ We have previously stated that "Inadequacy of that [administrative] remedy to provide the relief a litigant seeks constitutes some indication the remedy is not exclusive, and therefore, that an independent action can be maintained in a court before the administrative remedy is exhausted." *Myers v. Caple,* 258 N.W.2d 301, 304 (Iowa 1977), quoting *Charles Gabus Ford, Inc. v. Iowa State Highway Commission,* 224 N.W.2d 639, 647 (Iowa 1974). Similarly, "one test of exclusiveness is whether the administrative remedy is adequate. Inadequacy of that remedy to provide the relief to which the litigant would otherwise be entitled constitutes some indication that the remedy is not exclusive and that an independent action in court can be

maintained." *Myers v. Caple,* 258 N.W.2d 301, 304 (Iowa 1977), quoting *Oliver v. Iowa Power and Light Co.,* 183 N.W.2d 687, 691 (Iowa 1971). The major question one must ask in determining adequacy of remedy, is whether the relief sought is within the jurisdiction of the agency. *Dehning v. Eads,* 201 N.W.2d 454, 457 (Iowa 1972).

In *Oliver v. Iowa Power & Light Co.,* 183 N.W.2d 687 (Iowa 1971), this court decided whether the plaintiff was required to exhaust his administrative remedies before instituting an independent accounting suit to recover for alleged overcharges of electricity. The court decided that an administrative remedy existed for only part of the complaint. If the plaintiff merely wanted the amount of the overcharge corrected prospectively, the court said that he could simply either complain informally to the agency or institute formal proceedings before the agency. However, to recover past payments of the wrong amount, the plaintiff could institute an independent court suit. "As to payments of wrong amounts, we think the administrative remedy is not sufficiently adequate to be primary. The courts remain open to such suits." *Oliver,* 183 N.W.2d at 692. Important to the court's decision was the fact that the relevant statute provided no machinery and granted no authority to the commission to require reparation by a utility for wrong amounts which had been charged. The statute "contains no intimation that a person's substantive right to recover past payments of wrong amounts is abrogated." *Oliver,* 183 N.W.2d at 692.

*Myers v. Caple,* 258 N.W.2d 301 (Iowa 1977), is another case where we determined that the parties did not have to exhaust administrative remedies before pursuing an action in court. In this case the trial court had issued an injunction to enjoin completion of a proposed levee, and directed removal of the portion of the levee which was already constructed. The defendant landowner argued that the trial court had no jurisdiction over the matter because the plaintiff landowner failed to exhaust his administrative remedies by first appealing

from the adverse decision of the Natural Resources Council. In holding that this was a case where plaintiff was not required to exhaust his administrative remedies *before* seeking judicial relief, we determined there was no adequate remedy before the agency. We found that the primary purpose behind these particular statutes was to protect the *state's* interests in water resources. The agency had no power to "either award damages for injury to Myers' land or enjoin further damage to his property." *Myers,* 258 N.W.2d at 304.

■ Based upon application of the principles discussed in the foregoing cases, we hold that the plaintiff in the present case was not required to pursue an administrative remedy under section 290.1 before resorting to the district court. The trial court was correct in overruling the defendants' special appearance. The case is affirmed on defendants' appeal.

## II. *Does Plaintiff's Petition State a Claim Upon Which Relief Can Be Granted?*

In reviewing the trial court's ruling that plaintiff's petition fails to state a claim upon which relief can be granted, the critical allegations are as follows. The Lakota District asserts that students residing within its district have been made wards of guardians appointed by the district court. Plaintiff alleges that although these guardians are persons residing in the Buffalo Center/Rake District, the students in question continue to reside with their parents in the Lakota District. These students, it is alleged, are permitted by the Buffalo Center/Rake District to attend school in that district without the payment of tuition; buses from the Buffalo Center/Rake District are dispatched to the Lakota District to transport these students to Buffalo Center/Rake schools. It is alleged that the actions of the defendants have caused students who would have otherwise attended school in the Lakota District to instead attend school in the Buffalo Center/Rake District, a circumstance which caused a loss of state foundation school aid to the Lakota District.

■ We have stated that for purposes of passing on a motion to dismiss under Iowa Rule of Civil Procedure 104(b), our notice pleading requires only a short and plain statement of the claim. *Van Meter v. Van Meter,* 328 N.W.2d 497 (Iowa 1983). In order to sustain a motion under rule 104(b), we must conclude that no state of facts is conceivable under which plaintiff might show a right of recovery. *Powell v. Khodari-Intergreen Co.,* 334 N.W.2d 127, 130 (Iowa 1983); *Van Meter,* 328 N.W.2d at 497. We must judge the sufficiency of plaintiff's allegations in accordance with these well-established principles. We will separately consider the validity of the motion to dismiss as among the different defendants and as against the respective claims for injunctive relief, declaratory relief, and money damages.

A. *Injunctive relief.* In ruling on the motion to dismiss, the trial court stated "the Court concludes that Plaintiff's allegation based upon Defendant's unlawful and predatory practices do not state a cause of action." The trial court further stated "the Plaintiff has stated no cause of action upon which the Court could grant the requested equitable relief. Although general equitable relief is requested in the petition, the Court will not fashion a remedy without first finding the Plaintiff has a legal right that the Court should protect."

■ We disagree generally with the conclusion of the trial court that unlawful and predatory practices by public officials will not support the granting of injunctive relief to protect against unlawful acts. In *Carter v. Jernigan,* 227 N.W.2d 131, 134 (Iowa 1975), we said: "Courts should not discourage actions on the part of citizens to compel a strict observance by public officials of their duties, but, as far as authorized by law, should encourage such practice." We further said with respect to the granting of injunctive relief "Equity will also enjoin public officers' acts which the facts show are beyond the area of discretion." *Jernigan,* 227 N.W.2d at 136. *See also Batcheller v. Iowa State Highway Commission,*

251 Iowa 364, 368, 101 N.W.2d 30, 33 (1960) ("if agency of the state is proceeding illegally or in derogation of statutory authority it may be enjoined from so proceeding").

Iowa Code section 282.1 (1981) provides:

Persons between five and twenty-one years of age shall be of school age. A board may establish and maintain evening schools for all residents of the corporation regardless of age and for which no tuition need be charged. *Nonresident children shall be charged the maximum tuition rate as determined in section 282.-24* with the exception that those sojourning temporarily in any school corporation may attend school therein upon such terms as the board may determine.

(Emphasis added). Based on the allegations which appear on the face of plaintiff's petition, the exception to the requirement of charging nonresident students maximum tuition does not apply. Based upon these allegations, a failure to charge such tuition would be "beyond the area of discretion" of the Buffalo Center/Rake District. In so concluding, we are convinced that residence for purposes of section 282.1 is to be determined based upon the location where the students are in fact residing and does not change merely by the appointment of a nonresident guardian.

We also reject the conclusion of the trial court that the so-called "unlawful and predatory practices" of the Buffalo Center/Rake District cause the plaintiff no legally recognized harm. It is alleged that these practices have resulted in students who would otherwise have attended school in the Lakota District attending instead in the Buffalo Center/Rake District. It is to be inferred from these allegations that the unlawful practices of Buffalo Center/Rake District will continue to cause this to occur in the future. These allegations are coupled with the claim that this causes loss of state foundation school aid to the Lakota District.

The trial court suggested that its denial of relief to plaintiff was based on the fact that the students were not required to attend school in the Lakota District. This misses the point of plaintiff's complaint which is that the charging of tuition by the Buffalo Center/Rake District would have provided an incentive for these students to attend school in their own district. There is sufficient likelihood that the matter of tuition would be a decisive factor in the students' choice of schools that these allegations support a claim upon which injunctive relief can be granted.

We have held that in determining the appropriateness of injunctive relief we apply a relative hardship or balance of convenience standard. *Kriener v. Turkey Valley Community School District,* 212 N.W.2d 526, 536 (Iowa 1973). In applying this principle to the present case, the balance is between requiring the Buffalo Center/Rake District to comply with the law on the one hand, and permitting potential financial loss to the Lakota District on the other.

What we have said concerning the enjoining of an alleged violation of section 282.1 by the Buffalo Center/Rake District also applies to the allegations requesting relief from alleged violation of section 285.1(11), relating to bus transportation of nonresidents. Although the allegations of the petition do not contain all elements of a violation of that section, the petition states a claim upon which a violation of section 285.-1(11) might be enjoined if established by the evidence.

■ Our conclusions as to the statement of a claim for injunctive relief in plaintiff's petition are limited to claims against the defendant school district. The trial court was correct in ruling that the allegations fail to support any claim for injunctive relief against the other defendants. Their actions are not proscribed by section 282.1 or section 285.1(11) which apply only to the defendant school district. Nor do the allegations of the petition support a claim that they aided or abetted the school district so as to be jointly liable for the alleged statutory violations.

B. *Declaratory relief.* The same reasons which have prompted us to hold that the petition states a valid claim for injunc-

tive relief against the defendant school district lead us to conclude that it also states a valid claim for declaratory relief under Iowa Rule of Civil Procedure 261. In addition, the denial of declaratory relief on a motion to dismiss runs counter to our holdings in *McCarl v. Fernberg,* 256 Iowa 93, 96, 126 N.W.2d 427, 428 (1964) and *Wright v. Thompson,* 254 Iowa 342, 350, 117 N.W.2d 520, 525 (1962). The trial court was correct, however, in declining to entertain a declaratory judgment with respect to all defendants other than the defendant school district.

C. *Claim for money damages.* The most difficult issue presented is whether plaintiff's petition states a valid claim for money damages which will withstand a motion to dismiss under rule 104(b). For the same reasons that we have held no valid claim has been stated for injunctive or declaratory relief against all defendants other than the defendant school district, we also hold that those defendants are not the subject of a valid claim for money damages under the petition. This leaves the difficult question of whether the petition states a valid claim for money damages against the defendant school district.

■ Iowa Code section 274.1 (1981) specifies that each school district is a "body politic," and "as such may sue and be sued." Presumably, this would include one school district bringing a claim for money damages against another school district. Clearly, our earlier holdings that school districts are immune from damages in tort actions, *e.g., Ness v. Independent School District of Sioux City,* 230 Iowa 771, 298 N.W. 855 (1941); *Hibbs v. Independent School District of Green Mountain,* 218 Iowa 841, 251 N.W. 606 (1934), have been abrogated by Iowa Code sections 613A.1(1), 613A.2 (1981). The plaintiff school district does not dispute that its claim for money damages sounds in tort. To maintain a tort action against another school district, the action must in all respects meet the requirements of chapter 613A as a condition for waiver of sovereign immunity. *Sprung v. Rasmussen,* 180 N.W.2d 430, 433 (Iowa 1970). It may not be determined from the face of the petition that chapter 613A has not been complied with and for purposes of a motion to dismiss, we must assume that it has.

■ In ruling that no valid claim was stated for money damages, the trial court placed great weight on the fact that a school district has no right to have students residing in the district attend the public schools of that district. From this it reasons that the Lakota District could not be legally damaged from the fact that certain students who resided in its district did not attend its schools.

Again, we believe that the trial court has not focused upon the theory of plaintiff's claim for damages. It is plaintiff's theory, supported by the allegations of its petition, that it can prove that some of the students involved would have attended school in the Lakota district if the Buffalo Center/Rake District had charged tuition to nonresident students as the law requires it to do. Plaintiff has accepted the burden of establishing legal causation between the alleged unlawful act and monetary damage sustained by it. We cannot conclude from the face of the petition that plaintiff will be unable to prove the elements of legal causation and resulting damage.[1]

The primary argument on appeal by the defendant school district concerning plaintiff's claim for money damages is that plaintiff's claim is in the nature of "tortious interference with a business relationship." The Buffalo Center/Rake District urges that no court has extended such theory of recovery to an action between governmental units.

When we recognized the tort of interference with a business relationship in *Clark v.*

---

1. With respect to its theory of recovery, plaintiff asks for either a restitutionary measure of damages based upon the additional formula school aid received by the defendant school district as a result of its allegedly unlawful acts, or expectancy damages based upon the loss of formula school aid sustained by the plaintiff school district as a result of such acts. We conclude that plaintiff's recovery, if any, should be based upon expectancy damages.

*Figge,* 181 N.W.2d 211 (Iowa 1970), we recognized the views of certain commentators that it protects against "interference with reasonable economic expectancies." *Id.* at 213. This is a view expressed in 1 Harper & James, *Law of Torts* § 6.11, at 512 (8th ed. 1974). The authors express the view that the reason the expectancies which this doctrine protects are ordinarily business or commercial interests is because common experience more readily permits determination of causation and damages in those situations.

In Prosser, *Law of Torts* § 130, at 950–51 (4th ed. 1971), the author states:

> [In cases involving business interests] there is a background of business experience on the basis of which it is possible to estimate with some fair amount of success both the value of what has been lost and the likelihood that plaintiff would have received it if the defendant had not interfered.... When the attempt has been made to carry liability for interference beyond such commercial dealings, and into such areas as exclusion from social organizations, or deprivation of the chances of winning a contest, the courts have been disturbed by a feeling that they were embarking upon uncharted seas.... There is no essential reason for refusing to protect such non-commercial expectancies, at least where there is a strong probability that they would have been realized.

In discussing these comments by Prosser, the court in *Worldwide Commerce, Inc. v. Fruehauf Corp.,* 84 Cal.App.3d 803, 811, 149 Cal.Rptr. 42, 47 (1978) states: "We agree with Prosser's observation that a large part of what is most valuable in modern life depends upon 'probable expectancies.' As social and industrial life becomes more complex, this court must do more to discover, define and protect them from undue interference."

We are not disposed to deal with labels in evaluating plaintiff's claim. We find that it seeks protection against unlawful interference with an interest which is both ascertainable and worthy of protection. As such, we believe the petition states a claim for money damages on which relief may be granted.

The judgment of the trial court is reversed on plaintiff's appeal as to the defendant Buffalo Center/Rake Community Schools and affirmed as to the other defendants. The trial court's judgment is affirmed on the defendants' appeal. The case is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the defendant Buffalo Center/Rake Community Schools.

AFFIRMED IN PART AND REVERSED IN PART ON PLAINTIFF'S APPEAL; AFFIRMED ON DEFENDANTS' APPEAL.

All Justices concur except WOLLE, J., who takes no part.